THE STATE v. LEWIS, *Appellant.*

1. **Homicide:** EVIDENCE. On a trial for murder the State gave evidence that the defendant attempted to cut the deceased (his wife) with a knife during the night preceding the day of the homicide, and further showed, against the objection of defendant, that on the morning of the homicide the deceased exhibited a cut in her dress to a witness, and that the cut had the appearance of having been made with a knife. *Held*, that there was no error in admitting this latter evidence.

2. **Witness:** EVIDENCE OF CONVICTION. When parol evidence is objected to, the record must be produced to prove the conviction of a witness. Another witness will not be allowed to testify that he saw the first in the penitentiary as a convict. This is true equally whether the testimony is offered to affect his competency or his credibility.

3. **Prisoner's Absence from Motion for New Trial.** Unless it appears from the record affirmatively that the prisoner was denied the right or privilege of being present when his motion for new trial was argued and determined, his absence will be no ground for reversal.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*C. O. Bishop* with *Smith & Krauthoff* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

HOUGH, C. J.—We have examined the record in this case, in connection with the opinion of the court of appeals, with the care due to a case upon the determination of which depends the continuance of a human life. It is the third time this case has been before us on an appeal by the defendant, in each instance from a judgment of the criminal court of St. Louis, condemning him to be hanged for having murdered his wife on the 13th day of October, 1876. It is unnecessary to state the facts; they are sufficiently presented in the opinion of the St. Louis court of appeals and clearly establish the guilt of the defendant. The pro-

ceedings on the trial now brought before us for review, appear to be formal and regular, and the opinion of the court of appeals satisfactorily disposes of all the questions presented in the earnest and ingenious argument of defendant's counsel, save three, which were doubtless not specially brought to the attention of the court of appeals.

It appears from the evidence that the defendant attempted to cut the deceased with a knife during the night 1. HOMICIDE: evidence. preceding the evening on which he murdered her; and on the morning of the day on which she was killed, the deceased went into the room of an acquaintance near by and exhibited a cut in her dress, near the left thigh. This person testified to seeing the deceased, at the time stated, with a dress on which had the appearance of having been cut with a knife. What the deceased said at that time was excluded by the court; what the witness saw was admitted, and we think properly. The defendant could not be connected with the cut in the dress by the statements of the deceased; but it would have been competent to connect him therewith by other evidence, direct or circumstantial. *Messner v. People*, 45 N. Y. 1.

One William Bell, a witness for the State, was asked on cross-examination, whether he had not been convicted 2. WITNESS: evidence of conviction. of grand larceny and sent to the penitentiary, and he answered in the negative. The defendant afterward offered to prove by one Tom Williams that he had seen William Bell in the penitentiary at Jefferson City as a convict. This testimony was objected to and excluded by the court, and rightly so on the authority of the *State v. Rugan*, 68 Mo. 214, which declares the record of conviction to be the best evidence and the only evidence which can be received when oral testimony is objected to; and we regard it as wholly immaterial whether the purpose be to effect the competency or the credibility of the witness; in either case the record must be produced if objection be made to oral testimony of the fact.

The last point urged here, in addition to those made

before the court of appeals, is, that the record does not **3. PRISONE R'S AB-SENCE FROM MOTION FOR NEW TRIAL.** show that the defendant was present when the motion for a new trial was argued and decided. The record is silent on that subject, and as it does not, therefore, affirmatively appear, as in the case of the *State v. Hoffman,* 78 Mo. 256, that the defendant was denied the right or privilege of being present when the motion was heard and determined, this objection is unavailing. R. S., § 1891.

We are all of opinion that the defendant has had a fair trial, and having been justly and legally convicted of a most brutal murder, we affirm the judgment of the court of appeals.