GEORGE W. DAY VS. TERRITORY OF OKLAHOMA.

1. AMENDMENT—*Case Made*—An amendment of a case made presented to the trial judge for signature and settlement cannot be amended so as to contradict the records of the court.

2. DEFENDANT—*Presence*—In a criminal prosecution for a felony, the defendant must be actually present during the trial, and when his personal presence is necessary in point of law, the record must show the fact. It is not allowable to indulge in the presumption that everything was rightly done, to the extent of presuming that the defendant was present.

*Error from the District Court of Logan County.*

Indictment by the grand jury of Logan county at the March, 1894, term of the district court, for false pretenses. Defendant found guilty. Sentenced two years. Brings case to this court on appeal. Reversed.

*S. D. Decker* and *C. R. Buckner*, for appellant.

*C. A. Galbraith, Attorney General,* and *A. H. Huston, County Attorney,* for the territory.

The opinion of the court was delivered by

SCOTT, J.:    This is a criminal action, prosecuted by the Territory of Oklahoma by indictment returned by the grand jury of Logan county, on the 23d day of March, 1893, against George W. Day, charging him with having obtained from one Edward Much the sum of four hundred dollars, by means of false pretenses. The defendant was arraigned upon the charge on March 27, 1893, and entered a plea of not guilty — a general demurrer to the indictment having been over-ruled by the court — but before the demurrer was passed upon the county attorney dismissed the second count of the indictment and the case proceeded to trial on the first count.

On the 5th day of October, 1893, the defendant was tried and found guilty as charged in said first count of the indictment; and on the 11th day of November, 1893, sentenced to the penitentiary at Lansing, Kan., for the period and term of two years.    From this judgment the defendant appealed to this court and asks a reversal thereof, presenting fifteen assignments of error.    Scarcely any of these alleged errors require serious consideration of the court, were it necessary after an examination of the record of this case, to pass upon them.

The fourteenth assignment of error charges that the defendant was not present at every step during the trial.    This, if true, in any case, is reversible error, for it is the right of every defendant in a criminal prosecution against him for a felony to be present, in open court, at all times during the pendency of his trial.    (Statutes of Oklahoma, 1893, § 5147.)    This is

not only a statutory right, but a constitutional one, and one too, that cannot be waived. (*Lewis vs. United States*, 146, U. S. 370.) The defendant is not only required to be present, but it must appear affirmatively upon the records of the court that he was present. These two propositions are too well settled to admit of reasoning to the contrary. It is fatal error. (*Hopt vs. Utah*, 110 U. S., 574, 578, 579; *Ball vs. U. S.*, 140 U. S., 118; *Dunn vs. Commonwealth*, 18 Penn. St. 103, 104; *Hooker vs. Commonwealth*, (Vs.) 13 Grat., 763, 566; *Dyson vs. Miss.*, 26 Miss. 362, 381.)

To dispose of this feature of the case, it is only necessary to ascertain from the record if the assignment of error mentioned states the truth. If it does, it is useless to consider the other questions raised in this case.

In support of his motion for a new trial, the appellant introduced the court record to establish his contention, that it does not show affirmatively that he was present during the trial, and a certified transcript is made a part of the case made, and is before us for consideration. Without setting out the record at length, it appears that the presence of the defendant is affirmatively shown in court only when his plea of not guilty was entered, and subsequently, when brought before the bar of the court for the pronouncement of judgment. The record of the court presented indisputably shows this to be a fact.

The territory seeks to avoid this by the suggestion of amendments. The trial court allowed suggestions of amendment to the case made when presented for signature and settlement, showing that the defendant was, in fact, present at each time when the records of the court show that proceedings in such cause were had. To the allowance of these amendments, the defendant, at the time, excepted, and the point is properly before us for consideration. We know of no rule

that will allow even a judge to contradict the solemn records of the court. On the one hand, we have a transcript of the court records, showing one state of facts, and on the other, we have an allowance of an amendment, by the judge, of the court transcripts presented, contradicting the court record. We can hardly believe that the trial judge had opportunity to seriously consider this proposition; or, at least, it is evident that the distinction between the amendment of the court record and the amendment of the case made was rendered apparent to him when such amendments were allowed. Clearly the amendments to the case made could not properly be allowed until the record, itself, had been amended. Certainly the case made cannot contain more than the record, because from the record and proceedings of the court the case must be made. If an amendment of the court record were sought, a different proceeding would be necessary and a different question involved.

A leading principle that pervades the entire law of criminal procedure is, that after an indictment is found nothing shall be done in the absence of the prisoner. While this rule has, at times, in cases of misdemeanors, been somewhat relaxed, yet, in felonies, it is not in the power of the prisoner, either by himself or his counsel, to waive the right to be personally present during the trial. It would be contrary to the dictates of humanity to let him waive the advantage which a view of his sad plight might give him, by inclining the hearts of the jurors to listen to his defense with indulgence. And it appears to be well settled that where the personal presence is necessary, in point of law, the record must show the fact. Thus, in a Virginia case, the records showed that on two occasions during the trial, the prisoner appeared by attorney, and there was nothing to show that he was person-

ally present on either day in court. This was probably the result of mere inadvertance in making up the record, yet the court must look only to the record as it is. It is the right of anyone, when prosecuted on a capital or criminal charge, to be confronted with his accusers and witnesses, and it is within the scope of this right that he be present, not only when the jury are hearing his case, but at any subsequent stage, when anything may be done in the prosecution' by which he is to be affected. And in a Pennsylvania case it was held that the record must show affirmatively the prisoner's presence in court and that it was not allowable to indulge the presumption that everything was rightly done, until the contrary appears. (*Lewis vs. United States*, 146 U. S. 372; *Prine vs. Commonwealth*, 18 Penn. St. 103-104; *Dunn vs. Commonwealth*, 6 Penn. St. 384; *Ball vs. United States*, 140 U. S. 118, *supra*.

From the record, it does not appear affirmatively that the defendant has been afforded his constitutional right of presence during the trial. It may be, and more than likely is, true, that the defendant was, in fact, present at all times and that the error is an inadvertance in making up the record when his case was called for consideration; but it would be a dangerous precedent to establish, for the court to assume such to be the truth and thus give its assent to a conviction where the records fail to show that the defendant was actually present on his trial, thereby saying to the world that the trial of a defendant may take place, in this territory, in his absence, in violation of a sacred and humane constitutional, as well as a statutory, immunity. As before stated, this point being fatal, a consideration of the other assignments of error becomes unnecessary.

The cause will accordingly be reversed and remanded to the court below for a new trial.

By the Court: It is so ordered.

Chief Justice Dale, having presided below, and Justice Bierer, having been of counsel, not sitting; all the other Justices concurring.