LOUIS LE ROY v. TERRITORY OF OKLAHOMA.

TRIAL — *Presence of Defendant — Case-Made — Amendments*. In a criminal prosecution for a felony the defendant must be actually present at every step in the trial, and in cases where it is necessary the record must show affirmatively the fact of his presence. A case-made cannot be so amended by the trial judge as to contradict the records of the court. (*Day v. Territory* followed.)

*Appeal from the District Court of Logan County.*

Louis LeRoy was convicted of grand larceny and sentenced to three years in the penitentiary and appeals to this court. The facts are stated in the opinion. Reversed and remanded.

*C. R. Buckner*, for appellant.

*C. A. Galbraith, attorney general, A. H. Huston, county attorney*, for the territory.

The opinion of the court was delivered by

SCOTT, J.: This is a criminal prosecution by the Territory of Oklahoma by indictment against the ap-

pellant, Louis LeRoy, charging him with the crime of grand larceny. The indictment was returned into the district court of Logan county on the 29th day of September, 1893, and contained two counts. On the 10th day of October, 1893, the appellant was arraigned upon the indictment and entered a plea of not guilty, a demurrer thereto having been previously overruled. The case was set and called for trial on October 12, 1893, and on the same day a motion for a change of judge and a motion to elect were respectively overruled, and on the 13th the case was given to the jury. Before retiring the court instructed the jury to return a verdict of not guilty on the first count of the indictment and submitted the issue of the guilt or innocence of the defendant on the second count. On October 14, 1893, the jury returned a verdict of guilty as charged in the second count of the indictment and found the value of the property stolen to be in the sum of three hundred and fifteen dollars ($315). Motion for a new trial and in arrest of judgment were filled and overruled on November 6, 1893, and exceptions taken thereto, and on the 11th day of November, 1893, the appellant was sentenced to three years in the penitentiary at Lansing, Kansas, and an appeal was allowed and taken from the judgment thus pronounced, and the case is now before this court for review.

We deem it unnecessary to consider any assignment of error but the fourteenth which charges that the record fails to show that the appellant was present at every step in the trial. An examination of the record discloses a state of facts similar to those found in the case of *Day v. Territory*, 2 Okla. Rep. 409, 37 Pac. Rep. 806, which is decisive of this case.

In that case we decided:

"In a criminal prosecution for a felony the defendant must be actually present during the trial and when his personal presence is necessary in point of

law the record must show the fact.    It is not allowable to indulge in the presumption that everything was rightly done to the extent of presuming that the defendant was present."

We further decided:

"An amendment to a case-made presented to the trial judge for signature and settlement cannot be so amended as to contradict the records of the court."

The record in this case discloses that proceedings were had on the 10th, 12th, 13th, 14th and 30th days of October, 1893, and on the 6th and 11th days of November, 1893. On October 10 the demurrer to the indictment was overruled and the record fails to show that the defendant was present.    On October 10 the record shows that the defendant was arraigned and entered a plea of not guilty. The recital of the record that the defendant entered a plea of not guilty being the only evidence that he was actually present.    On this day the cause was also set for trial on October 12, 1893.    On October 12 the record recites that the "defendant appears before the court and makes a motion for the calling of another judge, etc., and that said motion was overruled."    It then shows that the case came regularly on for trial, but does not recite the presence of the defendant.    On the same day an evening session is noted in the record and the trial resumed, but no reference to the presence of the defendant.    October 13 the record recited the presence of the defendant, but on the same day, at an evening session it fails to show his presence, yet the trial is noted as having been resumed at that time.    On October 14 the record recites the presence of the defendant when the verdict was received. . On October 30 the motion for new trial was continued until November 6, 1893, but fails to recite the presence of the defendant. On November 6 the motion for a new trial was heard and overruled, but the record does not show that defendant was present.    On November 11, 1893, the

judgment shows that the defendant was present when sentence was pronounced.

The record then fails to show that the defendant was present when the demurrer to the indictment was overruled on October 10; on October 12, when the case was regularly called for trial; at the evening session on the same date; also at the evening session on October 13; on October 30, when the motion for a new trial was continued, and on November 6 when the motion for a new trial was overruled. As stated in the Day case, it is perhaps true that the defendant was at all times present, and that the error is attributable to the oversight of the clerk, but we cannot presume this. It is a constitutional right of the defendant to be present at every stage of a prosecution for a felony against him, and when this is necessary he cannot waive it, and the record must affirmatively show the fact.

Were we to refuse to reverse this case it would be equivalent to deciding that a demurrer or a motion for a new trial may be argued and overruled in the absence of a defendant charged with a felony, or an evening session of court or a trial begun or resumed. It is just as necessary for the record to show that the defendant in such a case be present as it is for such defendant to be actually present. The Territory attempts to avoid this fatality in the record by amendments to the case-made, which were allowed by the trial judge, reciting that at the times named the defendant was actually present, but, as decided in the Day case, an amendment to the case-made cannot be allowed that will contradict the records of the court; consequently the attempted amendments can avail nothing. The records of the court in a proper proceeding should have been amended, and the case-made might then have been amended to conform thereto. This point being decisive of the case, a reference to

the thirteen additional assignments of error is unnecessary.

Upon the authority of the Day case, 37 Pac. Rep. 806, decided by this court September 8, 1894, this cause will be reversed and remanded to the lower court for a new trial.

By the Court: lt is so ordered.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.