## EUGENE HAYS V. THE TERRITORY OF OKLAHOMA.

### (Filed July 30, 1898.)

CRIMINAL LAW—*Place of Trial—Evidence to be Taken in Court only—View of Premises by Jury.* One Eugene Hays was on trial for murder. The trial court sent the jury out to view the place where the homicide was alleged to have occurred, and compelled the defendant over his objections and protests, to accompany the jury, the judge, the court stenographer, the county attorney, and the attorneys for the defendant to such place. A certain witness also accompanied the jury, the judge, and other persons above named, and, while they were viewing the premises, gave testimony as to the location of certain objects and of the positions of certain persons at the time of the homicide. *Held,* to be prejudicial error, for which a new trial will be granted.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before Jno L. McAtee, District Judge.*

*Thomas R. Reid,* for plaintiff in error.

*Charles H. Carswell* and *J. J. Carney,* for defendant in error.

### STATEMENT OF FACTS.

The appellant, Eugene Hays, was indicted, tried, and convicted of the crime of manslaughter in the first degree, and was sentenced to serve a term of twenty years in the territorial penitentiary. From this judgment and sentence Hays appealed to this court, and at a previous term the judgment of the lower court was affirmed. A petition for a rehearing was duly filed, and a rehearing granted, because counsel for appellant present a question of great importance, which was not properly considered in the former opinion. During the progress of the trial, the court sent the jury out to view the premises where the homicide was alleged to have occurred. The court,

over the objections of the defendant, compelled him to accompany the jury, and directed the court stenographer and attorneys for the Territory and the defendant to go with the jury also. While viewing the premises, the court took the testimony of a witness (one Newton) as to the location of certain objects, and concerning the positions of certain people, at the time defendant killed James Doss, for the murder of whom he was then on trial. The defendant saved an exception to this action of the court. After all of the parties arrived at the scene of the homicide, the following proceedings were had:

"By the Court: 'Point out the place where Doss lay,' (to Newton.)

"By Newton: 'This stove, I think, stood right here; as near as you could place it. It was right here.'

"By the Court: 'Where is the bullet hole?'

"By Newton: 'Right here;' (pointing to the wall.)

"By the Court: 'Where was the privy at that time?' "

Newton here shows the jury where the privy stood at the time of the homicide. Returning from the scene of the homicide, the jury are stopped at a point where the deceased, Doss, and the defendant first sought to converse after passing through the saloon, and before moving around to the point where the deceased was killed.

"By Newton: 'I think Mr. Doss was sitting about here, and I think that Harry McDade was sitting right here. I could just see the top of his hat. Harry McDade was just about in that position, and the defendant was standing right in there, so that you could look into this window here; and then they moved back.' "

After the parties had all returned to the court room, the defendant again excepted to the proceedings above described.

Opinion of the court by

BURWELL, J.: The questions presented for our consider-

ation are, can a court compel a defendant, in a felony case, to accompany the jury to view the premises where the homicide is alleged to have occurred? and can it hear any evidence while viewing such premises, or should the court confine the taking of the testimony of witnesses to the court room? It is almost a universal practice in the courts of this country to permit the jury to view the premises where a crime is alleged to have been committed, when, in the judgment of the court, such view will assist the jury in arriving at a better understanding of the evidence given on the trial. In this Territory we have a statutory provision which governs the courts in such cases. Section 5222, (Procedure—Criminal) of the 1893 Statutes of Oklahoma, provides:

"Section 5222. When, in the opinion of the court, it is proper that the jury should view the place in which the offense is charged to have been committed, or in which any other material facts occurred, it may order the jury to be conducted in a body, in the custody of the proper officers, to the place, which must be shown to them by a person appointed by the court for that purpose, and the officers must be sworn to suffer no person to speak to or communicate with the jury, nor to do so themselves, on any subject connected with the trial, and to return them into court without unnecessary delay, or at a special time."

It is provided in section 5269 of Procedure—Criminal, the same statute, as follows:

"Section 5269. The court in which a trial has been had upon an issue of fact, has power to grant a new trial, when a verdict has been rendered against the defendant by which his substantial rights have been prejudiced upon his application in the following cases only:

"*First.* When the trial has been had in his absence, if the indictment is for felony.

"*Second.* When the jury has received any evidence out of court other than that resulting from a view of the premises." *   *

These two sections of our statute are decisive of the question presented. Section 5222 provides that no person can communicate with the jury on any subject connected with the trial while they are absent from the court room, and section 5269 provides for a new trial when the jury has received any evidence out of court other than that resulting from a view of the premises.

In this case evidence was received out of court. It is true the court, and all of the court officers, attorneys for both parties, and the defendant were all present; but we do not think that a session of court can be legally held in a country place or on a public street. In our opinion, it does not need the citation of authorities to support this proposition. Court houses are built, at an enormous expense, so that the court may be held in one place. Litigants, jurors, and witnesses all know where to go, under our present system, when required to be present during any litigation; but if sessions of court can be held outside of the court house in one particular case, the judge can at his will change the trial of any cause or of all causes in a county to any locality, to suit his own convenience. The trial court in this case cautioned all of the parties before leaving the court room not to talk about the case in the presence of the jury while they were out viewing the premises, and it conducted the entire proceedings at that place. This course was possibly more prejudicial to the defendant than it would have been if defendant's counsel could have cross-examined the witness, Newton, at the time he gave his direct evidence in  answer to questions asked him by the court.

The object of sending a jury out to view the premises is to enable them to better understand the evidence given on the trial. Even what they see cannot be considered as original evidence.

In the case of *Sasse v. State*, 68 Wis. 530, 32 N. W. 819. the court said:

"The court, in allowing them (the attorneys in the case) to accompany the jury, cautioned them, very properly, not to discuss in their presence the localities, but told them, and we think improperly, that they might call their attention to the facts, as 'here is where they found him;' 'here is a barrel;' 'here is where Gusta was.' The great temptation to improper communication with the jury in such an outdoor and informal view and unrestrained discussion with them of the relative bearing of objects and places upon the facts in issue has caused us to question the propriety of leading the respective counsel into it. There appears to be no grave necessity that they should attend a jury upon such an excursion, and it would seem that the jury ought to depend upon their own knowledge of the case, derived from the evidence, and upon their own undirected and uninfluenced observation. There is, on such a view, at least a tendency for them to disband and wander about in detachments in search of new discoveries, affording excellent opportunities for the polite and unsuspected attentions of the counsel. It might be as well for the jury to be unaccompanied, except by the proper officer."

In the case of *Washburn v. Railroad Co.*, 59 Wis. 364, 18 N. W. 328, it was held:

"We understand that the object of a view is to acquaint the jury with the physical situation, conditions, and surroundings of the thing viewed. * * At the common law, a view might have been had in a real action, and by statute in any action, to the end that the jury might see the land or thing claimed, to enable the jurors better to understand the evidence on the trial. We think such is

still the office of a view. Hence, whatever the jury in each of these cases learned of the land in question by the view was available to enable them to determine the weight of conflicting testimony respecting value and damage, but no further;" citing the case of *Close v. Samm*, 27 Iowa, 503.

It was held in the case of *Munkwitz v. Railway Co.*, 64 Wis. 403, 25 N. W. 438, that "the view of the premises by the jury is for the purpose of assisting them in weighing and applying the evidence, and, notwithstanding their view, their estimate must be supported by the evidence in the case."

Many other authorities could be cited in which it is held that the only object and purpose of permitting a jury to view the premises is to enable them to better understand the evidence given upon the trial; and in no case, so far as we have been able to learn, has it ever been held that the court can take testimony before the jury while they are viewing the premises.

One other question is presented by the petition for rehearing, and that is, can the court compel the defendant to accompany the jury on its trip to view the place where the homicide was committed? In this connection we will quote from the case of *Shular v. State*, (Ind. Sup.) 4 N. E. 870.

"Many authorities are cited by counsel in support of the general principle that the defendant must be present when evidence is given against him, and that this is the general rule we have no doubt; but the question here is whether the case is within the rule, not what the general rule is. Whether the case is within this general rule must depend upon the provision of our statute and the conduct of the appellant."

Quoting from the statute of that state, which is practically the same as section 5222 of our statute, except

that the view cannot be ordered without the consent of all the parties, the court then says further:

"This statute does not intend that the view of the premises where a crime was committed shall be deemed part of the evidence, but intends that the view may be had for the purpose of enabling the jury to understand and apply the evidence placed before them in the presence of the accused in open court. Deferring, for the present, the consideration of the authorities, and reasoning on principle, we shall have no difficulty in concluding that the statute does not intend that an inspection of a place where a crime was committed shall be taken as evidence. It cannot be seriously doubted that evidence can only be delivered to a jury in a criminal case in open court, and, unless there is a judge or judges present, there can be no court. The statute does not intend that the judge shall accompany the jury on a tour of inspection. This is so obvious that discussion could not make it more plain. The jury are not, the statute commands, to be spoken to by any one save by the officer and the person appointed by the court, and they are forbidden to speak upon the subject of the trial. It is the duty of the jurors to view the premises, not to receive evidence, and nothing could be done by the defendant or by his counsel, if they were present; so that their presence could not benefit him in any way, nor their absence prejudice him. The statute expressly provides who shall accompany the jury, and the express provision implies that all others shall be excluded from that right or privilege. It is quite clear from these considerations that the statute does not intend that the defendant or the judge shall accompany the jury, and it is equally clear that the view obtained by the jury is not to be deemed evidence."

Returning to the case at bar, we think the trial court committed error in compelling the defendant to accompany the judge and jury to the place where the homicide was alleged to have occurred. The viewing of the prem-

ises under our statute, is not a part of the proceedings in the trial in that sense contemplated by our law, which requires the presence of the defendant. The jury should go alone to view the premises, unaccompanied by any one, except the officers who have them in charge and the person appointed by the court to conduct them to the scene of the homicide. How could the defendant or the state be benefited or prejudiced if the statute were strictly pursued? No one can even speak about anything connected with the trial, no evidence can be taken; and, after the guide appointed by the court has conducted the jury to the place intended by the court to be viewed, the jury should be left to themselves to locate objects and view the surroundings, and the court ought not to send a jury out on a mission of this kind until they have heard enough evidence to locate objects and to intelligently view the premises; but the trial court must be the judge as to when the jury has been sufficiently advised by the evidence to do this. He must be governed by the circumstances surrounding each case. The trial of a cause is in court, and during every stage of the proceeding the defendant in a trial for a felony must be present. The statute authorizes the court, in its discretion, to send the jury out to view the premises, but when it retires to do this the trial must be suspended until the jury returns. The trial cannot be in any sense changed to any place other than the court room. The court records are there, the seal is there, everything is there that is necessary about a court, and they cannot be changed at will from place to place. In the absence of statutory provision, there is but little doubt but that the defendand should accompany the jury when sent out to view places or objects, unless he expressly waives that right;

but, under our statutes, he cannot go with them, because section 5222 by implication plainly excludes him. The construction given this section of our statute is fully sustained in the case of *State v. Adams*, 20 Kans. 311, decided by Justice Brewer under a statute almost exactly like ours.

For the reasons herein stated, we hold that there was prejudicial error committed by the trial court; that the judgment and sentence imposed upon the defendant be, and the same is hereby, reversed, vacated, and set aside, and defendant is granted a new trial, for which this cause is remanded, and that the costs of this appeal and the costs of the former trial be taxed to appellee. The warden of the territorial penitentiary is hereby directed to deliver said defendant to the sheriff of Canadian county, who shall him safely keep to await the judgment and order of the district court of Canadian county, for all of which a mandate will issue from this court.

McAtee, J., having presided in the court below, not sitting; all the other Justices concurring.