## HENRY WARD v. THE TERRITORY OF OKLAHOMA.

(Filed Feb. 11, 1899.)

CRIMINAL LAW—*Motions—New Trial—Presence of Defendant.* Section 5147,. Statutes of Oklahoma, which provides that, "if the indictment is for a felony, the defendant must be personally present at the trial, but if for misdemeanor not punishable by imprisonment,. the trial may be heard in the absence of the defendant; if,. however, his presence is necessary for the purpose of identification, the court may, upon application of the district attorney, by an order or warrant, require the personal attendance of the defendant at the trial;" and section 5244, *Id.*, which provides that, "if the indictment is for a felony, the defendant must, before the verdict is received, appear in person. If it is for a misdemeanor, the verdict may, in the discretion of the court, be rendered in his absence,"—only mean that the defendant shall be present in court from the beginning of the impaneling of the jury until the reception of the verdict, the recording of the same, and the discharge of the jury; and the word "trial," as used in section 5147, has no reference to a hearing on a motion for a new trial,. or a hearing on a motion in arrest of judgment, and it is not necessary, even in a felony trial, for the defendant to be present in court when either of these motions is being heard or a ruling made thereon, because a hearing on such motions constitutes no part of the trial.

(Syllabus by the Court.)

*Error from the District Court of Lincoln County; before John H. Burford, District Judge.*

*Thomas S. Jones* and *John Devereaux,.* for plaintiff in error.

*Harper S. Cunningham, Attorney General,* for defendant in error.

Henry Ward was convicted of robbery and appeals.. Affirmed.

Opinion of the court by

BURWELL, J.: The defendant, Henry Ward, was indicted, tried and convicted for the crime of robbery, and

sentenced by the court therefor to a term of ten years in the territorial penitentiary. From this judgment and sentence the defendant appealed to this court.

Two questions are presented by plaintiff in error for our consideration: First, Is it necessary for the defendant, when charged with a felony, to be present at every stage of the proceedings? Second. Does the record in this case show the defendant's preesnce at all necessary times?

An examination of the record presented fails to show that the defendant was present when the motion for a new trial or when the motion in arrest of judgment was argued and passed upon by the trial court, and it is by reason of the failure of the record to show the defendant's presence when these two motions were presented, and rulings of the court made thereon, that counsel insist that the defendant was not present at all necessary times during the trial. It is undoubtedly true that, in a prosecution wherein the defendant is being tried for a felony, he must be present during every stage of the trial. (*Lewis v. U. S.* 146 U. S. 370, 13 Sup. Ct. 136; *Hopt v. Utah,* 110 U. S. 574, 4 Sup. Ct. 202; *Ball v. U. S.* 140 U. S. 118, 11 Sup. Ct. 761; Clark, Cr. Proc. Sec. 148; *Day v. Territory,* 2 Okla. 410, 37 Pac. 806; *Le Roy v. Territory,* 3 Okla. 596, 41 Pac. 612.)

And, were this not the general rule, it would be the law of this Territory by virtue of our statutes, which provide that, "if the indictment is for a felony, the defendant must be personally present at the trial." (St. Okla. Sec. 5147.) If a motion for a new trial or a motion in arrest of judgment is a part of the trial as contemplated by our statutes, then the defendant must be personally present

when such motions are presented to the court or rulings made thereon. This same question has many times been before the different courts of the country, but the conclusions reached have not been uniform.

The case of *Hopt v. Utah*, 110 U. S. 574, 4 Sup. Ct. 202, is cited by appellant in support of his contention. In that case, the defendant challenged six jurors, and the court appointed triors, under the provisions of section 252, Code Criminal Procedure, Utah, who in each case took the juror from the court room into a different room, and tried the grounds of challenge out of the presence of both the court and the defendant. This was held to be error, for the reason that the impaneling of the jury is a part of the trial and should be in the presence of the defendant. And then the court further said that "the legislature has deemed it essential to the protection of one whose life or liberty is involved, in a prosecution for felony, that he shall be personally present at the trial; that is, at every stage of the trial when his substantial rights may be affected by the proceedings against him. If he be deprived of his life or liberty without being so present, such deprivation would be without that due process of law required by the constitution."

In *Ball v. U. S. supra*, the defendant was sentenced for a felony, and the only record showing the presence of the defendant at the time of hearing and ruling on the motion for a new trial, and motion in arrest of judgment and sentence, was an entry on the journal, immediately following the sentence which read: "This day the defendants, in open court, excepted to the sentence of the court, this day pronounced upon them." Chief Justice Fuller, in discussing the case, held that the defendant

had a right to be present when sentenced, and that "the reasons for the rule of the common law that the defendant should be personally present before the court at the time of pronouncing the sentence are compendiously given by Mr. Justice Schofield in *Fielden v. People*, 128 Ill. 595, 21 N. E. 584, to be that the defendant might be identified by the court as the real party adjudged guilty; that he might have a chance to plead a pardon or move in arrest of judgment; that he might have an opportunity to say why judgment should not be given against him; and that the example of being brought up for the animadversion of the court and the open denunciation of punishment might tend to deter others from the commission of similar offenses." The same learned court held, however, in *Gannon v. People*, 127 Ill. 507, 21 N. E. 525, that, "while it was the better practice to call up the defendant to say why he should not be sentenced, yet the omission to do so was no ground for reversal in any case. But the great weight of authority is the other way."

In *Lewis v. U. S. supra*, Justice Shiras, speaking for the court, said that "a leading principle that pervades the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner. While the rule has, at times and in the cases of misdemeanors, been somewhat relaxed, yet in felonies it is not in the power of the prisoner, either by himself or his counsel, to waive the right to be personally present during the trial." The power of the court to pass upon a motion for new trial or a motion in arrest of judgment was not before the court at that time: The defendant was compelled to exercise his right of challenge to the jurors at a time when they were not brought before him.

face to face, and the court held that "the making of challenges is an essential part of the trial of a person accused of crime, and it is one of his substantial rights to be brought face to face with the jurors when the challenges are made."

This court held in *Day v. Territory*, 2 Okla. 409, 37 Pac. 806, that, in a criminal prosecution for a felony, the defendant must be actually present during the trial. In that case, however, the record failed to show the presence of the defendant at the trial, except when he entered his plea of not guilty, and when judgment and sentence were pronounced against him; and the objection was raised on his motion for a new trial. This case, therefore, throws no light upon the question now under consideration. But in *Le Roy v. Territory*, 3 Okla. 596, 41 Pac. 612, this court inferentially held that a defendant must be present when a motion for a new trial is argued, or a ruling had thereon. While we cannot give our assent to this rule, the reversal in that case was proper, because the record failed to show that the defendant was present when evidence was received on the trial.

In *Hays v. Territory*, 7 Okla. 15, 54 Pac. 300, it was held that "the trial of a cause is in court, and during every stage of the proceedings the defendant, in a trial for a felony, must be present." The question before the court in that case was as to whether or not the defendant should accompany the jury to view the premises where a homicide was committed, and it was held not necessary, under our statutes.

It was held in the case of *Gibson v. State*, 3 Tex. App. 437, and in *Berkley v. State*, 4 Tex. App. 122, that it was necessary for the defendant to be present when a motion

for a new trial was presented. And the supreme court of West Virginia reversed a case because the defendant was not present when the motion for a new trial was argued and an adverse ruling made thereon. Other states have adopted the same rule, but the great weight of authority, and we think the better authority, is the other way, as an investigation will show.

We will now notice a few of the authorities holding that it is not necessary for the defendant to be present at the presentation or ruling on a motion for a new trial or a motion in arrest of judgment.

Wharton's Criminal Pleading and Practice, Sec. 548: "In motions for arrest of judgment and in error, the old practice was to require the attendance of the defendant. In the United States his presence has not been, in practice, required, nor is it usual to exact it in proceedings in error," etc.

Clark, Criminal Procedure, sec. 148: "By the weight of authority, presence of the defendant is not necessary when motions are made and heard, such as in arrest of judgment, or for a new trial, etc., or when anything else is done that forms no part of the trial. And his presence is not necessary in an appellate court to which he has taken the case by appeal or writ of error, for he is not there on trial."

Bishop's New Criminal Procedure, vol. 1, sec. 269: "If we look upon all the cases as correctly decided, they furnish no absolutely uniform rule as to whether or not the prisoner must be present at the hearing of a motion. But if it relates to a mere matter of law, or if in any other form a question simply of law is agitated, the better doctrine, both in reason and authority, is that he may be

absent at the argument unless the court sees fit to require his presence; for where no fact in *pais* is involved, and all is of law, there is nothing which a lay prisoner can do or suggest in the case. His interests are then wholly in the keeping of his counsel. And even a fact in *pais*, blending with a question of law, may be so remote or collateral as not to require the prisoner's presence; for example, the amending of an information by altering the name of the owner of stolen property, the considering and making of an order changing the venue, assigning the case for trial or issuing an attachment for a witness, the drawing of a special venire, the hearing of a motion for continuance, or the taking of the recognizance of a witness." Also section 276 of same volume: "Those distinctions conduct to the conclusion that the prisoner's presence should be required or not, at a hearing for a new trial, according to the particular question. If it is of mere law, the presence is not as of course essential; but, if the defendant is not in custody, the court may demand it as a means of getting possession of him. If the hearing is attended by an inquiry into a fact, the common rule that the defendant must be present prevails. The judges have not always had the distinctions in mind. We have authority for saying that, even in a capital case, the defendant's counsel may ask for a new trial in his absence, and the like appears in various cases not capital. On the other hand, numerous cases, English and American, require his presence at this motion," etc. And in the next section the same author says: "We have English authority for requiring the personal presence at a motion in arrest of judgment. But, as this motion involves merely a question of law, the distinc-

tions we are considering and the better American author-
ities permit it, in ordinary circumstances, to be made in
his absence."

In the case of *Davis v. State*, (Neb.) 70 N. W. 984, after
a verdict of guilty was returned by the jury in the ab-
sence of the defendant, his counsel filed a motion for a
new trial and argued the same, which was overruled, all
of which was assigned as error, and presented to the
supreme court of that state on appeal.   The statutes of
that state provide that one accused of a crime shall have
the right to appear and defend in person or by counsel,
and to meet the witnesses against him face to face. And
the Code of Criminal Procedure provides that "no person
indicted for a felony shall be tried unless personally pres-
ent during the trial."   The court said: "No doubt, a de-
fendant charged with a felony has an absolute right to
be present in court in person when he is arraigned, and
pleads to the indictment; to be present when the trial be-
gins, and at all times during the trial; to be present when
the verdict is received and recorded, and when he is ar-
raigned for sentence and the sentence is pronounced.
And the record, to support a judgment of conviction or
sentence for a felony, must affirmatively disclose the
prisoner's presence at all those times. But neither the fil-
ing, the argument, nor the ruling upon a motion for a new
trial is any part of such trial, within the meaning of the
constitution or the section of the Criminal Code quoted.
Our conclusion is that a person convicted of felony, and
represented by counsel, cannot, as a matter of right, in-
sist on being present in court either at the time of the
filing, the argument, or the ruling upon his motion for a
new trial."

In *Miller v. State*, (Neb.) 45 N. W. 451, the court says: "It is urged that the trial court erred in hearing the motion to quash the information, the demurrer to the information, the plea in abatement, and the motion for a continuance, in the absence of the defendant from the court room. * * We do not believe that either of the above-quoted sections, (referring to the sections of the statutes which provide that in felony cases, the defendant must be personally present at the trial,) has reference to the presentation by counsel of questions of law to the court on interlocutory proceedings prior to the commencement of the selection of the jury, but rather that the accused shall be present during the trial of the issue of fact raised by his plea of not guilty. The hearing of motions and demurrers prior to choosing the jury is no part of the trial. This construction is not without precedents to sustain it. * * We conclude that there was no error committed in hearing, in the absence of the defendant, these motions and demurrers."

In *People v. Ormsby*, (Mich.) 12 N. W. 671, the defendant was tried, and a verdict of guilty returned by the jury. A motion for a new trial was filed, argued, and denied in his absence. The court said: "After a trial has been had in open court, in the presence of the accused, and he has been convicted, he has no longer any right to insist upon being personally present in court when a motion is made or heard in his case. If he has such a right, then for the same reason he could insist upon being brought into this court when the case is heard and also when it is disposed of. We find no error, and the judgment must be affirmed."

*Lillard v. State*, (Ind. Sup.) 50 N. E. 383, was a case in which the court overruled the motion for a new trial in the absence of the defendant. The statutes of that state provide: "No person prosecuted for any offense punishable by death, or by confinement in the state prison or county jail, shall be tried unless personally present during the trial." The court said: "Appellant, as it appears, was present by counsel at the time the motion was overruled, and through him, it seems, took all the necessary steps at that time for an appeal to this court. The absolute necessity, under these circumstances, for the personal presence of the defendant in court when the motion was overruled, is not apparent, as he was awarded by the court at the time all of the substantial rights which the law affords to him." To the same effect are the following cases: *Reed v. State*, (Ind. Sup.) 46 N. E. 135; *Epps v. State*, (Ind. Sup.) 1 N. E. 491; *State v. Brown*, 63 Mo. 439; *State v. Lewis*, 80 Mo. 110. In this last case the court held that the defendant's absence at the time of the ruling on a motion for a new trial would not be ground for reversal, unless he affirmatively showed that he was prevented from being present.

In *Territory v. Gay*, (Dak.) 2 N. W. 477, the court said that "the personal presence of one charged with crime is not necessary on the hearing of a motion to quash the indictment."

*State v. West*, (La.) 13 South. 173: "Defendant assigns as error that during the trial of a motion for a new trial, wherein testimony was adduced for and against him, he was not in court, but was confined in the parish prison, and was thus refused the privilege of being confronted with the witnesses, in violation of article 8, of the con-

stitution of the state; and, further, that, upon the trial of the motion in arrest of judgment, he was not present in court, but was confined in the parish prison. The record shows that testimony on behalf of the defendant was taken on the motion for a new trial, but no witnesses for the state appear to have been placed on the stand. We do not think that any constitutional provision was violated by the defendant's absence at the time. This court has on several occasions declared that the presence of the accused on the occasions of tr'als of motions for a new trial and in arrest of judgment was not essential. Defendant finds in the fact that, on the trial in this case of the motion for a new trial, testimony was taken, a reason for making a distinction between it and the cases cited. It is true there may be instances where the attorney of an accused might desire the presence of his client, but such cases happening, it would be a very simple matter for him to make a suggestion to that effect to the court. A request to have the defenaant brought into court would certainly not be denied."

In the case of *Camp v. State*, (Ga.) 16 S. E. 379, it was held that the trial court had power, in the absence of the defendant, after judgment and sentence, to enter a *nunc pro tunc* order correcting the order so as to make it speak the truth with reference to proceedings had upon the trial.

The supreme court of New Mexico, in *Territory v. Chenowith*, 5 Pac. 532, said: "It would be error in a case of felony to proceed with the trial in the absence of the accused, yet, after verdict and before sentence, it is now the universal rule that the prisoner need not be present at the hearing of a motion for a new trial."

In *Griffin v. State*, 34 Ohio St. 299, it was said: "It is no ground for the reversal of a judgment that a motion for a new trial was made, argued and overruled in the absence of the prisoner, where no objection was made until after sentence."

What is a trial, as contemplated by section 5147 of our Statutes, which provides that, "if the indictment is for a felony, the defendant must be personally present at the trial?" Counsel for defendant insist that it embraces every step after the returning of the indictment to and including the judgment and sentence. This contention is not tenable. If this section stood alone, and was not modified by any other section or sections of our Statutes, the argument of counsel might apparently be entitled to some consideration; yet, under the authorities cited above, if section 5147 was not modified by any other section, we could not give it that construction. An examination of our Statutes will show that the legislature never intended that the word "trial," as used in section 5147, should include every step taken in a criminal prosecution, from the filing of the indictment, to and including judgment and sentence. If it had so intended, it would not have provided for his presence at other specific stages of the prosecution, which it has done. Section 5090 provides for the arraignment of the defendant, and the next section provides that, "if the indictment is for a felony, the defendant must be personally present, but if for a misdemeanor only, his personal appearance is unnecessary, and he may appear upon the arraignment by counsel." Section 5244: "If the indictment is for a felony, the defendant must, before the verdict is received, appear in person. If it is for a misdemeanor, the verdict may,

in the discretion of the court, be rendered in his absence." Section 5276: "For the purpose of judgment, if the conviction is for a misdemeanor, judgment may be pronounced in his absence." Section 5283: "When the defendant appears for judgment, he must be informed by the court, or by the clerk under its direction, of the nature of the indictment, and his plea and the verdict, if any thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him." These sections expressly require that the defendant, in case of a prosecution for a felony, must be present at arraignment, at the reception of the verdict, and when judgment and sentence are pronounced. Under all rules of construction, section 5147, by requiring the defendant to be present at the trial, also says, by implication, that he need not be present at any other time; and the legislature by expressly providing in different sections that the defendant must be present at arraignment, at the reception of the verdict, and when judgment and sentence are pronounced upon him, said, by implication that these steps were not, when section 5147 was enacted into law, considered as part of the trial; and by that section it was not intended that he should be present at arraignment, at the reception of the verdict, or when judgment and sentence are pronounced. If so, the enactment of the other sections was useless.

We think, notwithstanding these different sections of our Statutes, that the reception of the verdict is, under all of the authorities, a part of the trial. But when these different sections were enacted into law, the legislature was not defining what constitutes a trial in a criminal case; it was pointing out definitely at what stages of the

prosecution, the defendant must be present. This was undoubtedly the object of the legislature, and we must give these sections this construction. And more especially so when we consider section 4863, which provides that "the rule of common law that penal statutes are to be strictly construed, has no application to this chapter. This chapter established the law of the Territory respecting the subjects to which it relates, and its provisions and all proceedings under it are to be liberally construed, with a view to promote its objects, and in furtherance of justice." One of the objects of the chapter on "Procedure Criminal," as shown by the foregoing sections, was to provide that the defendant should be present at the times named therein, and that he need not be present at a hearing on a motion for a new trial, or a motion in arrest of the judgment, because neither is a part of the trial. A trial in a criminal case begins at the commencement of the impaneling of the jury, and is ended when the jury is discharged, and during every part of the trial of a felony case, the defendant must be personally present. But to say that a motion for a new trial is a part of the trial is to enunciate the doctrine that a defendant can move for a new trial before his first trial is ended. Such a theory is not founded in reason. The very name of the motion indicates that one trial has been had, and defendant is asking for another on account of error, fraud, mistake, or unavoidable misfortune, which prejudiced his rights on the former one. It is doubtless true that it was the early rule, if not always the rule, at common law, that the defendant, in a prosecution for a felony should be personally present in court when any action was taken which affected him; but the legislature has the power to modify

the rule at common law to any extent, provided, however, that it does not encroach upon the rights given by the constitution of the United States, and our legislature has modified the common law rule, to such an extent that a defendant need not be present in court, except at the trial and at the other times designated in the Statutes.

The constitution of the United States, (Const. Amend. art. 6,) guarantees that "in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, by an impartial jury, of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense." Our legislature has in no way abridged any of these rights. A defendant is confronted by the witnesses against him when the witnesses give their evidence before the jury, and he has had his trial by jury when the jury return their verdict and are by the court discharged. Each step after that, except the pronouncing of judgment and sentence, is a step looking towards the reversal or setting aside of the verdict, and is not a part of the trial. Even the judgment and sentence are no part of the trial. It is simply the fixing of the punishment by the court, after defendant has had his trial and has been convicted.

As has been well said by many of the authorities, a defendant has just as much right to be present when his case is reviewed in the appellate court as he has to be present when a motion for a new trial or a motion in arrest of judgment is considered by

the court.   It has been stated that if there is only a question of law presented in a motion for a new trial, the defendant need not be present in court, but if an issue of fact is presented by the motion for a new trial, he must be present.   As a hearing on this motion is not a part of the trial, we can see no good reason for the distinction above, as his presence at such hearing is not required by either the constitution of the United States, or by our Statutes.   On the contrary, so far as this Territory is concerned, the statutes permit him to be absent.

The three cases decided by the supreme court of the United States, cited above, have been cited as holding that the defendant must be present at the hearing of a motion for a new trial, but an examination of these cases will show that the views expressed in this opinion are not in conflict with any of those cases.   For the reasons herein stated, the case of *Day v. Territory*, *supra*, and the case of *Le Roy v. Territory*, *supra*, are each hereby modified to conform herewith; and the judgment and sentence of the court below is hereby affirmed, at the cost of the appellant.

Burford, C. J., having presided in the court below, and McAtee, absent, not sitting; all of the other Justices concurring.