### S. O. Chesney v. State.

No. A-82.   Opinion Filed February 3, 1910.

(106 Pac. 651.)

APPEAL—Notice of Appeal—Record—Dismissal. An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right, from any judgment against him; but the manner of taking and perfecting such appeal is a proper matter for legislative control, and the appeal must be taken in the manner prescribed by law, and, where the record before this court fails to show notices of appeal and proof of service as required by law, the case will be dismissed. In order to give this court jurisdiction, the notices required by statute must be served, and proof of service of such notices must be filed with the record in this court within the time in which an appeal may be taken.

(Syllabus by the Court.)

*Error from Wagoner County Court; W. T. Drake, Judge.*

S. O. Chesney was convicted of a violation of the prohibition law, and brings error. Dismissed.

*W. T. Hunt,* for plaintiff in error.

*Fred S. Caldwell,* Counsel to the Governor, for the State.

DOYLE, Judge. Plaintiff in error was convicted in the county court of Wagoner county for a violation of the prohibition

law. On the 5th day of November, 1908, the court rendered judgment and sentenced defendant to pay a fine of $150 and to serve 30 days in the county jail. Petition in error and case-made were filed in this court January 7, 1909. Counsel for the state has filed a motion to dismiss this appeal, for the reason that:

"More than one year has elapsed since the rendition of the judgment from which plaintiff in error undertakes to prosecute this appeal, and no notices of appeal were ever served or filed as provided and required by section 6949 of the 1901 Compiled Laws of Oklahoma. Wherefore the state of Oklahoma says that this court is without jurisdiction to entertain said appeal, and that the same should be dismissed, at plaintiff in error's cost."

It appears, from an examination of the record in this case, that there has been a failure to comply with the statutory provisions. An application was made on behalf of the plaintiff in error to amend the record to show that said statutory notices had been served. In the case of *N. N. Boneparte v. United States, ante,* p. 345, 106 Pac. 347, this court had the same question under consideration, wherein it was said:

"In order to give this court jurisdiction, the notices prescribed by the provision quoted must be served upon the clerk of the court and upon the prosecuting attorney, and, under the law in force when this appeal was attempted to be taken, the proof of the service of such notices or a waiver of the same must be filed with the record in this court within a year from date of the judgment. This was not done in this case."

Applying this rule to the case at bar, the application to amend the record must be denied, as it comes too late. In order to give this court jurisdiction, notices as required by the statute must be served upon the clerk of the court and the prosecuting attorney. The proof of the service of said notices must be filed with the record in this court within the time in which an appeal may be taken.

As there is nothing in the record before us which confers jurisdiction to review this case, the motion to dismiss the purported appeal will be sustained.

Appeal dismissed.

FURMAN, PRESIDING JUDGE, and OWEN, JUDGE, concur.