## JESS HUMPHREY V. STATE.

No. A-52.  Opinion Filed February 11, 1910.

(106 Pac. 978.)

1.  APPEAL—Case-Made — Authentication.  The statute requiring the case-made to be attested by the clerk, and the seal of the court thereto attached, is mandatory, and without such authentication the case-made is not properly presented to this court.

2.  TRIAL—Presence of Accused—Felony Cases.  In a criminal prosecution for a felony, the defendant must be present, in person, during the trial, and the record must affirmatively show this fact.

(Syllabus by the Court.)

*Error from District Court, Seminole County; A. T. West, Judge.*

Jess Humphrey, the plaintiff in error, was tried in the district court in Seminole county at the June term, 1908, on information charging him with murder. He was convicted of manslaughter, and sentenced to imprisonment for the term of 10 years, and to pay a fine of $10 and costs of the prosecution. The case is before us on appeal. Motion filed by the defendant in error to strike the case-made from the files for lack of authentication. Reversed and remanded.

*Crump & Rogers,* for plaintiff in error.—Citing: *Day v. Territory,* 2 Okla. 409; *Leroy v. Territory,* 3 Okla. 596; *Ward v. Territory,* 8 Okla. 12.

*Charles West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

OWEN, JUDGE. The plaintiff in error was tried in the district court of Seminole county. The judgment of the court in passing sentence was on the 17th day of June, 1908. The certificate of the trial judge attached to the case-made is as follows:

"I, A. T. West, judge of the district court of Seminole county, Oklahoma, and the judge before whom the case of the State of Oklahoma, Plaintiff, v. Jess Humphrey, Defendant, was tried, do hereby certify the foregoing to be a full, true, and complete bill of exceptions tendered to me by the said defendant in said case, and I do now sign and settle the same as a correct and true bill of exceptions and do hereby direct the clerk of this court to file the same as a part of the record in said cause. A. T. West, Judge of District Court of Seminole County, Oklahoma."

The certificate is not attested by the clerk, nor was the seal of the court attached. Section 6951, Snyder's Comp. Laws 1909 (section 5612, Wilson's Rev. & Ann. St. 1903), among other things provides as follows:

"The case and amendments shall be submitted to the judge, who shall settle and sign the same and cause it to be attested by the clerk or the probate judge, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case. The original case-made shall be filed with the petition in error."

This court has repeatedly held such provisions of the statute mandatory. The case-made and record must be authenticated as required by statute. *Chandler v. State, ante,* p. 254, 105 Pac. 376; *Bradford v. State, ante,* p. 367, 106 Pac. 535. The motion to strike the case-made must be sustained.

Attached to the record filed in this court appears the certificate of the clerk of the district court, bearing the imprint of the seal, as follows:

"I. J. E. Lawhead, clerk of the district court of Seminole county, Oklahoma, do hereby certify that the above and foregoing is a correct, true, and complete transcript in the case of the State of Oklahoma, Plaintiff, v. Jess Humphrey, Defendant. J. E. Lawhead, District Clerk."

This is proper authentication of the transcript of the record. As was said by this court in the case of *Reed v. U. S.*, 2 Okla. 652, 103 Pac. 371, the record proper, under our statute, includes the information, the plea of the defendant, the verdict of the jury, the sentence of the court, instructions given by the court, and those requested by the defendant, together with all indorsements made thereon. This record is properly before the court for review. By the provisions of section 6919, Snyder's Comp. Laws 1909 (section 5580, Wilson's Rev. & Ann. St.), the clerk's minutes of the trial are also made a part of the record. The transcript of the clerk's minutes filed in this case fails to disclose the presence of the defendant in court during the argument of the counsel, and when the verdict was returned and received by the court. Section 6775, Snyder's Comp. Laws 1909 (section 5436, Wilson's Rev. & Ann. St.), is as follows:

"If the indictment is for a felony, the defendant must be personally present at the trial."

This question was presented to the Supreme Court of Oklahoma in the case of *Day v. Territory*, 2 Okla. 410, 37 Pac. 806, and again in the case of *Leroy v. Territory*, 3 Okla. 596, 41 Pac. 612. In construing the statute, in the case of *Day v. Territory*, the court said:

"A leading principle that pervades the entire law of criminal procedure is that after an indictment is found, nothing shall be done in the absence of the prisoner. While this rule has, at times, in cases of misdemeanor, been somewhat relaxed, yet in felonies it is not in the power of the prisoner, either by himself or his counsel, to waive the right to be personally present during the trial. It would be contrary to the dictates of humanity to let him waive the advantage which a view of his sad plight might give him, by inclining the hearts of the jurors to listen to his defense with indulgence. And it appears to be well settled that where the personal presence is necessary in point of law, the record must show the fact. Thus in a Virginia case the records showed that on two occasions during the trial the prisoner appeared by attorney, and there was nothing to show that he was personally present on either day in court. This was probably the result of mere inadvertence in making up the record, yet the court

must look only to the record as it is. It is the right of any one, when prosecuted on a capital or criminal charge, to be confronted with his accusers, and witnesses, and it is within the scope of this right that he be present, not only when the jury are hearing his case, but any subsequent stage, when anything may be done in the prosecution by which he is to be affected. And in a Pennsylvania case it was held that the record must show affirmatively the prisoner's presence in court, and that it was not allowable to indulge the presumption that everything was rightly done, until the contrary appears. *Lewis v. United States*, 146 U. S. 372 [13 Sup. Ct. 136, 36 L. Ed. 1011]; *Prine v. Commonwealth*, 18 Pa. 103, 104; *Dunn v. Commonwealth*, 6 Pa. 384; *Ball v. United States*, 140 U. S. 118 [11 Sup. Ct. 761, 35 L. Ed. 377] *supra.* From the record, it does not appear affirmatively that the defendant has been afforded his constitutional right of presence during the trial. It may be, and more than likely is true, that the defendant was in fact present at all times, and that the error is an inadvertence in making up the record when his case was called for consideration: but it would be a dangerous precedent to establish, for the court to assume such to be truth, and thus give its assent to a conviction where the records fail to show that the defendant ·was actually present on his trial, thereby saying to the world that the trial of a defendant may take place, in this territory in his absence, in violation of a sacred and humane contitutional, as well as a statutory, immunity."

It may appear technical to reverse the case for the failure of the record to show the presence of the defendant, when in all probability the defendant was present at each step taken during the trial. Courts of last resort must establish precedents under which innocent men are to be tried. The law presumes every man innocent, and this presumption clings to him until overcome by competent evidence in a fair trial conducted according to law. Even though the evidence in this case is sufficient to warrant the verdict of guilty, yet we must not declare a rule in this case that would deprive an innocent man of any substantial right. It is not the fault of appellate courts when such a precedent must be declared in a case where the proof shows the defendant guilty. The fault, if any there be, is with the trial court, the clerk, and the prosecuting attorney in their failure to have the record speak the truth.

For the failure of the record to affirmatively show the presence of the defendant during the argument in the case, and when the verdict was returned in open court against him, the case must be reversed and remanded, with directions to grant a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.