## GROVER PHILIPS v. STATE.

No. A-1759.  Opinion Filed December 5, 1913.

(136 Pac. 776.)

1. APPEAL—Correction of Record—Presence of Defendant. The presence of a defendant is not necessary when an investigation is being made for the purpose of correcting a case-made or a transcript of the record.

2. SAME—Case-Made—Conclusiveness. If any statement contained in a case-made or a transcript of the record is questioned in the Criminal Court of Appeals, the statements contained in such case-made or transcript of the record will not be accepted as conclusive; but the court may order an investigation in such manner as it sees fit, and correct the case-made or transcript of the record so as to make it speak the truth.

3. SAME—Service—Necessity. If a case-made is not served upon the county attorney at the time fixed for that purpose by the trial court, such case-made will not be considered on appeal.

*Appeal from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Grover Philips was convicted of rape, and appeals. Appeal dismissed.

This is an attempted appeal from a judgment rendered in the district court of Jefferson county, on the 9th day of December, 1911, upon a verdict wherein appellant was convicted of the crime of rape; and his punishment was assessed at five years' confinement in the penitentiary. It was provided in the judgment that appellant should have 60 days in which to prepare and serve a case-made, and thereafter on February 5, 1912, the court made an order extending the time within which to serve the case-made, 30 days from February 7, 1912; and thereafter on March 2, 1912, the court made an additional order, further extending the time to prepare and serve the case-made, five days, thereby granting appellant 35 days from February 7th to serve the case-made, which said time expired on the 13th day of March, 1912. The record, as filed in this court, shows acceptance of service of the case-made by the county attorney of Jefferson county on the 12th day of March, 1912. The Attorney General, however, suggested a diminution of the record, and in support thereof alleged that the case-made was not served until or after March 15, 1912, and after the expiration of the time allowed by the trial court in which to serve the case-made. On the 8th day of March, 1913, this court made an order permitting the state to withdraw the record from this court to be transmitted to the district court of Jefferson county, with directions to the trial court to hear the testimony, and determine as a matter of fact just when the case-made was served on the county attorney of Jefferson county. The trial court heard the testimony of the witnesses in the case, and certified to this court its finding that the case-made was served on the county attorney of Jefferson county on or after the 15th day of March, 1912. All of which appears in the record before us.

*J. H. Harper,* for appellant.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

FURMAN, J. (after stating the facts as above). Counsel for appellant has filed a brief in this cause in which he attacks. the finding of the trial court as to the date on which the case-made was served on the county attorney.

First. The first contention is that appellant was not present when the investigation, upon which this finding was based, was held, although the appellant was represented by counsel. Counsel assumes the position that, as testimony was heard affecting a substantial right of appellant, his presence was absolutely necessary in such hearing. In support of this position he cites section 5761, Rev. Laws 1910, which is as follows:

"If the indictment or information is for a felony the defendant must be personally present, but if for a misdemeanor only, his personal appearance is unnecessary, and he may appear upon the arraignment by counsel."

It will be seen that this section is the second paragraph of article 8 of the Revised Laws under the heading of, "Pleadings and Proceedings before the Commencement of Trial." It only requires the presence of a defendant in a felony case at the trial upon which the question of his guilt or innocence of the crime charged is determined by the jury. It does not require the presence of a defendant at any hearing in which the question of guilt is not directly passed upon. See *Ward v. Territory,* 8 Okla. 12, 56 Pac. 704; *Saunders v. State,* 4 Okla. Cr. 264, 111 Pac. 965, Ann. Cas. 1912B, 766; *Starr v. State,* 5 Okla. Cr. 440, 115 Pac. 356; *Newton Henry v. State, post,* 136 Pac. 982, decided at present term. If it be true that appellant should be present when such matters are under investigation, then if he were confined in the penitentiary, it would be necessary to take him out and carry him to the place where the investigation was being conducted, although his presence there would not subserve any good and lawful purpose. Appellant might just as well contend that it was necessary that he should be present when the case-made was settled and signed by the trial judge.

Second. Counsel for appellant contends that after the case made had been signed and settled by the trial judge it was conclusive, and could not be amended, and that this court was with-

out jurisdiction to refer the case-made back to the trial judge for correction, in order that the case-made might speak the truth. In support of this contention he cites the case of *Day v. Ter.,* 2 Okla. 409, 37 Pac. 806. It is not necessary for us to determine as to whether or not the law is correctly stated in Day's case; it is enough for us to know that this is not the law of the state of Oklahoma. Section 1771, Rev. Laws 1910, is as follows:

"Said court shall have power, upon affidavit or otherwise, to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction."

This statute is similar to one in force in Texas, relating to the matter now under consideration. In the case of *Thompson v. Hawkins* (Tex. Civ. App.) 38 S. W. 236, the Civil Court of Appeals of that state said that it had the jurisdiction to inquire as to the truth of a record transmitted to it from the trial court, and with reference to the statute said: "The discretion given could scarcely be broader and more extensive." Under the statute above cited this court could determine the question upon affidavits, or in any manner it deemed proper. The best and safest policy was to refer the matter to the trial court, which, without unnecessary expense, could have all of the witnesses before it. This was fair alike to the state and appellant and his counsel. Section 5248, Rev. Laws 1910, is as follows:

"The certificate of the judge who settles and certifies the case-made shall be *prima facie* evidence of the facts therein recited, unless the case-made on its face shows affirmatively that such certificate is in some material respect incorrect, or the said certificate be proven incorrect by affidavits or other competent evidence introduced in the appellate court in connection with a motion to correct the record or case-made, under such rules and regulations as the court may prescribe."

Third. It has always been the law of Oklahoma that an appeal in a criminal case may be taken as a matter of right, but that the manner of taking and perfecting such appeal is a proper subject for legislative control, and that the legislative direction must be observed. *Bailey v. Ter.,* 9 Okla. 461, 60 Pac. 117; *Arispi v. Ter.,* 2 Okla. Cr. 79, 99 Pac. 1099; *Boneparte v. U. S.,*

3 Okla. Cr. 345, 106 Pac. 347; *Chesney v. State,* 3 Okla. Cr. 454, 106 Pac. 651; *Dobbs v. State.* 5 Okla. Cr. 475, 114 Pac. 358, 115 Pac. 370; *Lyons v. State,* 6 Okla. Cr. 581, 120 Pac. 665.

It has also been repeatedly held that a case-made will not be considered on appeal if it was not served on the county attorney at the time fixed for that purpose by the trial court. *Cohn v. State,* 4 Okla. Cr. 498, 113 Pac. 216; *Hawkins v. State,* 5 Okla. Cr. 276, 114 Pac. 356; *Talley v. State,* 5 Okla. Cr. 528, 115 Pac. 603; *Billus v. State,* 7 Okla. Cr. 37, 121 Pac. 790.

This being the settled law of this state, and as no case-made in this cause was served upon the county attorney until after the expiration of the time directed by the trial court, and as this is an attempted appeal upon a case-made alone, we have no discretion except to dismiss the appeal, and it is therefore so ordered.

ARMSTRONG, P. J., and DOYLE, J., concur.