N. N. BONEPARTE V. UNITED STATES.

No. 197.   Opinion Filed January 5, 1910.

(106 Pac. 347.)

1.   **APPEAL AND ERROR—Procedure to Perfect Appeal.** An appeal in a criminal case, when taken by the defendant, is perfected by filing a petition in error in the office of the Clerk of the Criminal Court of Appeals, together with case-made, or duly authenticated transcript of the judgment and proceedings attached thereto, and by filing proof of service of notice upon the clerk of the court where the judgment is entered, and notice upon the prosecuting attorney of the county, stating that the appellant appeals from the judgment.

2.   **SAME—Notice of Appeal—Dismissal.** An appeal to the Criminal Court of Appeals may be taken by the defendant as a matter of right, from any judgment against him, but the manner of taking and perfecting such appeal is a proper matter for legislative control, and the appeal must be taken in the manner prescribed by the law; and, where the record before this court fails to show notices of appeal and proof of service as required by law, the case will be dismissed.

(Syllabus by the Court.)

*Appeal from District Court, Latimer County; Malcolm E. Rosser, Judge.*

N. N. Boneparte was convicted of crime, and appeals. Dismissed.

*J. E. Whitehead,* for plaintiff in error.

*Charles L. Moore,* Asst. Atty. Gen., for the State.

DOYLE, JUDGE.   Plaintiff in error, N. N. Boneparte was indicted in the United States Court for the Central district of the Indian Territory, at the May term, 1906, at McAlester  The charging part of said indictment is as follows:

"N. N. Boneparte, on the 26th day of February, A. D. 1906, within the Central district of the Indian Territory, and in the South McAlester court division thereof, fraudulently and feloniously and unlawfully did forge and counterfeit a certain instrument of writing purporting to be a certain bank check, which said instrument of writing is of the tenor following: 'Ardmore,

I. T.     Feb. 12, 1906, No. ——.   The City National Bank.   Pay to Simpson Boneparte or bearer $75.00 seventy five dollars. Mullen & Mullen'—with the intent then and there unlawfully, feloniously and fraudulently to defraud another, to wit, Mullen & Mullen and the City Natinal Bank of Ardmore, Ind. T., contrary to the forms of the statute in such case made and provided and against the peace and dignity of the United States of America."

On June 15, 1906, the defendant waived arraignment, and pleaded not guilty, and filed his application for a change of venue to the Wilburton division of said court.   On January 10, 1908, the defendant appeared before the district court of Latimer county, and by leave of the court withdrew his plea of not guilty, and filed a general demurrer to the indictment.   On March 8, 1909, the cause was called for trial, a jury was impaneled and sworn to try the cause.   Upon the trial the jury returned a verdict of guilty, and assessed the punishment at two years in the penitentiary.   On March 10, 1908, the defendant filed motions in arrest of judgment and for a new trial, which motions were overruled by the court and exceptions allowed.   Whereupon the court pronounced judgment and sentence in accordance with the verdict.   defendant prayed an appeal.   On May 16, 1908, there was filed in the Supreme Court a petition in error, with what purported to be a case-made attached.   Upon the organization of the Criminal Court of Appeals said cause was duly transferred to this court.

On July 9, 1909, the Attorney General's office filed a motion to dismiss the appeal:

"For the reason that no case-made has been signed, settled, or allowed, as required by law in this:   That the trial judge does not certify the same, except that he certifies that it was agreed between the counsel for the plaintiff in error and counsel for defendant in error that the same 'contained a true and correct statement of all the pleadings, orders, and judgments had in such case, so far as necessary for the presentation of the questions involved'; that the signature of the presiding judge was not attested by the clerk of the court, and the seal of the court is not affixed; that no transcript of the proceedings in said cause has been filed herein; that the signature of the clerk of said court, nor the seal

of said court, anywhere appears on the case-made; and that said record presents nothing to this court for review."

On July 29, 1909, in reply to the motion to dismiss the appeal, plaintiff in error filed an application that he be permitted to withdraw the record for the purpose of perfecting the same. On behalf of the state this application is objected to for the reason that more than a year has elapsed since the date of the judgment, and there is nothing in the record before this court showing notice to the clerk of the district court of Latimer county, and notice to the prosecuting attorney of said county, that the defendant appeals from the judgment rendered. We are of opinion that this objection is well taken. Section 6949, Snyder's St. 1909, provides as follows:

"An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney."

An appeal may be taken to this court as a matter of right by the defendant from any judgment against him in the district or county court, under the provisions of the criminal procedure act. But the manner of perfecting an appeal is a matter of statutory regulation. An appeal must be taken in the manner prescribed by law. Article 15, c. 89, Procedure Criminal, Snyder's St. prescribes specific and definite rules of practice for taking appeals in criminal cases. So far as it appears by the record in this case the plaintiff in error has wholly failed to comply with these statutory provisions. In order to give this court jurisdiction the notices prescribed by the provision quoted must be served upon the clerk of the court and upon the prosecuting attorney, and under the law in force when this appeal was attempted to be taken, the proof of the service of such notices or a waiver of the same must be filed with the record in this court within a year from date of the judgment. That was not done in this case. There is nothing in the record before us which confers jurisdiction upon this court to consider the application of the plaintiff in error for leave to correct the record, or to review the errors assigned in the petition in error. Neither is there a proper case-made or transcript

of the proceedings in said case attached to the petition in error. Section 6077, Snyder's St. 1909, provides for the correction of court records on appeal in either civil or criminal cases.

For the reasons stated, we are of opinion that the motion to dismiss the appeal should be sustained. It is therefore ordered that the purported appeal be, and the same is hereby, dismissed, and the cause remanded to the district court of Latimer county, with direction to enforce the judgment and sentence.

FURMAN, PRESIDING JUDGE, and OWEN, JUDGE, concur.