### R. R. WILSON v. STATE.

No. A-90. Opinion Filed January 11. 1910.

(106 Pac. 348.)

APPEAL AND ERROR—Procedure—Notice of Appeal—Necessity. An appeal in a criminal case, when taken by the defendant, is perfected by filing a petition in error in the office of the clerk of the Criminal Court of Appeals ,together with case-made, or duly authenticated transcript of the judgment and proceedings attached thereto, and by filing proof of service of notice upon the clerk of the court where the judgment is entered, and notice upon the prosecuting attorney of the county, stating that the appellant appeals from the judgment.

(Syllabus by the Court.)

Appeal from Grady County Court; N. M. Williams, Judge.

R. R. Wilson was convicted of a violation of the prohibition law, and appeals. Dismissed.

F. E. Riddle, for appellant.

Fred S. Caldwell, Counsel to the Governor, and B. B. Barefoot, Co. Atty., for the State.

PER CURIAM. R. R. Wilson was tried and convicted, in the county court of Grady county, of a violation of the prohibition law, and was on the 6th day of March, 1908, sentenced to pay a fine of $400 and cost, and to be imprisoned for 30 days in

the county jail. On February 8, 1909, there was filed with the clerk of this court a petition in error, with what purported to be a case-made attached. On December 27, 1909, Fred S. Caldwell, counsel to the Governor, and as attorney for the state, filed a motion to dismiss the appeal, which, omitting the formal part, is as follows:

"Special Appearance and Motion to Dismiss. Comes now the state of Oklahoma by its attorney, Fred S. Caldwell, as counsel to the Governor, and appearing specially herein for the purpose of this motion only, represents to this honorable court as follows: More than one year has elapsed since the rendition of the judgment from which plaintiff in error undertakes to prosecute this appeal, and no notices of appeal were ever served or filed as provided and required by section 6949 of the 1909 Compiled Laws of Oklahoma. Wherefore the state of Oklahoma says that this court is without jurisdiction to entertain said appeal, and that the same should be dismissed at plaintiff in error's cost."

There was also filed proof of service of notice of said motion to dismiss, as required by the rules of this court. Rule 6 subd. 4 (1 Okla. Cr. xi; 101 Pac. viii). On December 22, 1909, in response to the motion to dismiss appeal, counsel for plaintiff in error filed his affidavit that notices as required by statute had been served. On behalf of the state, this showing is objected to for the reason that more than a year has elapsed since the date of the judgment, and there is nothing in the record in said case before this court showing notice to the clerk of the county court of Grady county, and notice to the prosecuting attorney of said county, that the defendant appeals from the judgment rendered.

We are of the opinion that the objection is well taken, and the motion to dismiss should be sustained, as was said by this court in *Boneparte v. United States, ante,* p. 345, 106 Pac. 347:

"An appeal may be taken to this court as a matter of right by the defendant from any judgment against him in the district or county court, under the provisions of the criminal procedure act. But the manner of perfecting an appeal is a matter of statutory regulation. An appeal must be taken in the manner prescribed by law. Art. 15, ch. 89, Procedure Criminal, Snyder's St., prescribes specific and definite rules of practice for taking ap-

peals in criminal cases. So far as it appears by the record in this case, the plaintiff in error has wholly failed to comply with these statutory provisions. In order to give this court jurisdiction the notices prescribed by the provision quoted must be served upon the clerk of the court, and upon the prosecuting attorney. Under the law in force when this appeal was attempted to be taken the proof of the service of such notices, or a waiver of the same, must be filed with the record in this court within a year from date of the judgment. That was not done in this case. There is nothing in the record before us which confers jurisdiction upon this court to consider the application of the plaintiff in error for leave to correct the record, or to review the errors assigned in the petition in error."

Section 6077, Snyder's St. 1909, provides for the correction of court records on appeal in either civil or criminal cases, but this statute has no application where the appeal has not been taken within the time fixed by statute, as this court has not acquired jurisdiction.

For the reasons stated, we are of opinion that the motion to dismiss the appeal should be sustained.

It is therefore ordered that the purported appeal be, and the same is hereby, dismissed, and the cause remanded to the county court of Grady county, with direction to enforce the judgment and sentence.