No. 31,480

INEZ HILL FULLER, *Appellee,* v. CONSOLIDATED RURAL HIGH-SCHOOL DISTRICT No. 1 in POTTAWATOMIE COUNTY, *Appellant.*

(28 P. 2d 750.)

Opinion filed January 27, 1934.

*W. F. Challis* and *D. C. Hill,* both of Wamego, for the appellant.

*Hal E. Harlan* and *A. M. Johnston,* both of Manhattan, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a school teacher to recover from a consolidated school district on her written contract to teach school made with one of the districts entering into the consolidation. Plaintiff recovered, and defendant appeals.

Pursuant to the practice of engaging teachers in the spring for the school year beginning the next fall, the board of a school district, which, for convenience, may be called the Louisville district, entered into a contract with plaintiff to teach school for a term of nine months, commencing September 7, 1931. The contract was signed on April 20, 1931, was in the form prescribed by the state department of education, and provided that plaintiff should be paid a salary of $145 per school month, payable monthly. After the contract was signed, petitions were circulated in the Louisville district for the calling of an election to vote on a proposition to consolidate the district with another, which,' for convenience, may be called the Wamego district. The election was held on June 16, and the vote was favorable to consolidation. On June 29 the Wamego district voted to consolidate. The county superintendent designated the consolidated district as Consolidated Rural High School District No. 1, Pottawatomie county, Kansas. About July 13 officers constituting a school board for the consolidated district were elected. The consolidation proceedings were instituted and consummated pursuant to Laws 1931, chapter 275. School opened in the consolidated district at Wamego on September 7. Plaintiff was not employed as a teacher in the school of the consolidated district. On September 7 plaintiff, with other teachers and the principal of the Louisville school, reported for duty and conducted school at the Louisville schoolhouse for several days, when they were served by the sheriff with notice from the board of the consolidated district to desist and to surrender school property.

The action was commenced on July 27, 1932. The petition alleged in substance the facts which have been recited, and unsuccessful effort by plaintiff to obtain employment. The prayer was for judgment against the consolidated district in the sum of $1,305, with interest and costs.

The answer of defendant alleged the contract was not entered into in good faith, but was entered into in collusion with the Louisville district board in an attempt to defeat prospective consolidation. There was no evidence to support the allegation, and the general finding in favor of plaintiff was to the contrary.

The answer pleaded plaintiff had knowledge that the Louisville district could and likely would be consolidated with the Wamego district. The finding for plaintiff negatived that allegation, and the finding was supported by the evidence. There was dissension in the district, litigation over issuance of bonds to build a new schoolhouse

in the Louisville district was pending, no steps had been taken to initiate consolidation proceedings, it took elections in two districts to determine whether consolidation would take place, and it was not stipulated that performance of plaintiff's contract was contingent on consolidation.

· The answer pleaded that the Louisville district was a public corporation, subject to disorganization at any time at the will of the legislature, and that power of the corporation to contract was subject to the limitation that the district might be disorganized at any time by proceedings authorized by the legislature. This part of the answer stated no defense.

It is true continued existence of the Louisville and Wamego districts was wholly dependent on the will of the legislature, and they could be disorganized, as they were disorganized, by proceedings prescribed by the legislature. When, however, the legislature creates corporate instrumentalities·for the accomplishment of public purposes, permits them to operate, and in the course of operation to acquire property and incur debts, there must be a sort of winding up of the corporate business after dissolution. The property must go somewhere, and the debts must be paid by somebody. When, as in this instance, consolidation takes place and a new corporation comes into existence comprising the territory of the districts which were consolidated, the consolidated district takes the property and pays the debts. The legislature may provide what shall become of the property, and may provide how the debts shall be paid; but in the absence of specific statutory provisions, the rule just stated prevails... (43 .C. J., title, Municipal Corporations, § 123 bb [aa].) ·.The opinion in the first case cited in support of the Corpus Juris text, *Mount Pleasant v. Beckwith,* 100 U. S. 514, contains a very full· discussion of the subject under consideration. One paragraph from the opinion reads: ·

|. "Modifications of their boundaries may be made, or their names may be changed, or one may be merged in another, or it may be divided and the moieties of their territory may be annexed to others; but in all these cases, if the extinguished municipality owes outstanding debts, it will be presumed in every such case that the legislature intended that the liabilities as well as the rights of property of the corporation which thereby ceases to exist shall accompany the territory and property into the jurisdiction to which the territory is annexed." (p. 529.)

This rule applies to school districts as well as to other municipal or quasi-municipal corporations. (*Thompson v. Abbott et al.,* 61 Mo. 176; *Hoffield v. Board of Education,* 33 Kan. 644, 7 Pac. 216.)

Defendant contends plaintiff's contract was wholly "executory," and action taken by authority of law intervened before anything was done pursuant to the contract. Plaintiff promised to teach, defendant promised to pay, and the fact that the teaching and the paying were to begin in the future did not affect the obligation of the contract or lessen the detriment to plaintiff if the contract were not performed on the school district's side.

The statute by virtue of which consolidation took place provided that property of a consolidating district should become property of the consolidated district, but said nothing about debts. Hence, defendant contends, it should not be liable beyond the value of the property it received. The amount received would not compensate plaintiff for her loss of employment. She is entitled to full compensation and, as indicated in the opinion in the case of *Mount Pleasant v. Beckwith*, supra, legislative consolidation proceedings which would deprive her of full benefit of her contract would violate its obligation, contrary to the provision of the constitution of the United States relating to that subject.

Plaintiff was ready and willing at all times to perform the contract on her side, and could not find employment within the school year. It is contended, however, she did not diligently seek employment by the consolidated district board.

Plaintiff resided at Topeka. On July 13, 1931, the board of the consolidated district sent her a letter requesting her to attend a meeting of the board to be held in Wamego on July 16. The letter avoided reference to the subject of employment or possible employment as a teacher, and merely said: "You are urged to be present at this meeting, as a matter of importance is to be taken up." Without knowing the purpose of the meeting, plaintiff set out to attend it. She went to Louisville, and was there informed no meeting would be held. The general finding in her favor includes a finding that she acted reasonably, and was not at fault in failing to attend the meeting.

Actions against defendant by two other teachers, Dorothy Hinman and Dorothy Mayden, were consolidated for trial in the district court with the Fuller action, and judgments were rendered in favor of plaintiffs in those cases. It is stipulated that this appeal shall be determinative of the three cases.

The judgment of the district court in each case is affirmed.

JOHNSTON, C. J., and HUTCHISON, J., not sitting.