No. 32,744

HENRY BAKER et al., *Appellants*, v. CONSOLIDATED RURAL HIGH-SCHOOL DISTRICT No. 1 IN POTTAWATOMIE COUNTY et al., *Appellees.*

(56 P. 2d 109)

Opinion filed April 11, 1936.

*James Sullivan,* of Louisville, *W. J. Gregg, E. M. Gregg,* both of Frankfort, *E. C. Brookens* and *H. L. Hart,* both of Westmoreland, for the appellants.

*W. F. Challis* and *B. C. Pickering,* both of Wamego, for the appellees.

The opinion of the court was delivered by

BURCH, C. J.: The action was one by taxpayers, for themselves and for others similarly situated, for relief against misappropriation of taxes paid under a void levy. A demurrer to one cause of action contained in the petition was sustained, and the taxpayers appeal.

Formerly there existed in Pottawatomie county two rural high-school districts—rural high-school district No. 1, known as the Louisville district, and rural high-school district No. 9, known as the Wamego district. The two districts consolidated, and the consolidated district was designated by the county superintendent as consolidated rural high-school district No. 1. In April, 1931, teachers contracted with the Louisville district to teach school for stated salaries for the term of nine months, beginning September 7, 1931. The consolidation occurred before September 7, the teachers were not employed by the consolidated district, they were unable to secure other employment, and they sued the consolidated district under their contracts with the old Louisville district. The teachers recovered, and the judgments were affirmed by this court. (*Fuller v. Consolidated Rural H. S. Dist.,* 138 Kan. 881, 28 P. 2d 750.) The result was, the judgments were obligations of the consolidated district, precisely the same as if they rested on contracts made and broken by the consolidated district.

The board of the consolidated district adopted the adroit scheme of making the old Louisville district pay the teachers it had hired, by certifying to the board of county commissioners a tax levy for the year 1934 on property in the old Louisville district only, to pay the judgments, amounting to $4,566. Deceived by the certificate, the board of county· commissioners made the levy, and the county clerk extended taxes on the tax rolls of the old Louisville district accordingly. Taxpayers paid the first half of their taxes, in the sum of approximately $2,087, and the county treasurer placed the money in a fund designated as "old rural high school No. 1 judgment." In March, 1935, taxpayers discovered what had occurred, and commenced action to thwart the design of the consolidated district board to make the property of the old Louisville district pay the debt of the consolidated district.

The petition contained two causes of action. The first related to the fund in the hands of the county treasurer, and the second related to unpaid taxes. A demurrer to the second cause of action was overruled, but a demurrer to the first cause of action was sustained.

A part of the relief sought was an injunction to prevent the county treasurer from disbursing the fund labeled "old rural high school No. 1 judgment," to the consolidated district, and to prevent the consolidated district from receiving the money. A restraining order was issued at the commencement of the action. The restraining order was set aside when the demurrer was sustained, but a supersedeas bond was given, and the money is still in the hands of the county treasurer.

The board of the consolidated district contends its action was justifiable under R. S. 10-119, providing that when a municipality is disorganized and the territory is attached to some other municipality, bonds and other indebtedness are to be paid by tax levies on the property of the disorganized municipality. The contention is without any merit. While the Louisville district was disorganized, the territory was not attached to anything. The Wamego district was also disorganized, and the two districts were consolidated to form a new district, pursuant to the special statute relating to consolidation. (Laws 1931, ch. 275.)

The liability of the consolidated district was adjudicated in the case of *Fuller v. Consolidated Rural H. S. Dist.*, 138 Kan. 881, 28 P. 2d 750, and the board of the consolidated district was without sem-

blance of power to shift the burden of the obligation, resting upon the entire district, to a disfavored part of it.

It is a matter of common knowledge that taxpayers generally do not investigate the composition of the sums extended on tax rolls against their property. They go to the treasurer's office, inquire the amount of their taxes, and pay. In this instance the taxpayers residing in the territory of the old Louisville district had no reason to think they might be bilked as they were, and of course they did not protest.

The petition charges actual collusion and connivance on the part of the members of the consolidated district board to defraud the taxpayers of the old Louisville district. Proof of actual purpose to defraud is not necessary. The certificate of the clerk of the board establishes design to achieve the manifest end sought to be attained. The necessary effect would be to evade compliance with the judgment of this court in the Fuller case, and it must be said, the fund in the hands of the county treasurer was produced by what amounted to fraud in law, practiced on the unsuspecting taxpayers of the old Louisville district.

The taxpayers moved promptly on discovery of the fraud. The fund is intact. The general finances of the consolidated district were not disturbed by impounding the money. The only injurious consequence was further to delay the long-suffering school teachers in obtaining their due. The tax was not merely irregularly levied or otherwise illegal. It was wholly void. The statutory remedies were not exclusive. Under the taxation statute there is still a field for exercise of its power by a court of equity. (*Salthouse v. McPherson County,* 115 Kan. 668, 670, 671, 224 Pac. 70.) It would be utterly unjust if the consolidated district were to profit by its indefensible course. Therefore, the court holds the general rule relating to voluntary payment of taxes does not obtain, and the county treasurer should be enjoined from paying over the fund to the consolidated district. As a consequence, the fund, which belongs to nobody else, should be distributed among those who contributed it.

The judgment of the district court is reversed, and the cause is remanded with direction to overrule the demurrer to the first cause of action of the petition.