No. 33,626

In the Matter of the Appeal of MYRON M. HENDERSON. (MYRON M. HENDERSON, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MONTGOMERY, *Appellee.*)

(75 P. 2d 816)

Opinion filed January 29, 1938.

A. R. Lamb and Clement A. Reed, both of Coffeyville, for the appellant.

Clement H. Hall, county attorney, Frank W. Liebert, assistant county attorney, Raymond Belt, city attorney, and Dallas W. Knapp, of Coffeyville, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: One Myron M. Henderson, on November 22, 1935, filed with the board of county commissioners of Montgomery county a verified claim for refund of taxes paid under protest, which, after due consideration, was rejected. From that ruling the claimant appealed to the district court, and in response to a motion a bill of particulars was filed in that court. It set out the amount of taxes paid under protest by him and others whose claims for excess taxes paid were assigned to him for the years 1933 and 1934, that they were based upon illegal and incomplete budgets, having been made and published by the city of Coffeyville and school district No. 3 of Montgomery county, for the purpose of determining the proper amount of taxes to be assessed for the years 1933 and 1934, and alleged that said city and school district omitted from the budgets cash balances on hand and anticipated revenue and included in the budgets items that should have been charged against individual property owners and also certain excessive items, enumerating them in detail. Attached to the bill of particulars as exhibits were copies of the protests filed with the county treasurer for the two years when the excess taxes were paid, and the bill of particulars concluded with a prayer for the recovery of such excess tax from the board of county commissioners of Montgomery county.

The county filed an answer, which was in effect a general denial of the allegations contained in the bill of particulars.

The case was tried by the court under a request for findings of fact and conclusions of law. At the close of the evidence offered by the claimant the court sustained the demurrer of the county board

to the evidence of the claimant as to his right to recover the 1933 excess taxes paid and overruled the demurrer as to the taxes of 1934, and at the close of the evidence the court made findings of fact and conclusions of law as to the budgets, protests and taxes of both years. The conclusion of law was "that the protests were not sufficient and the application for refund should be denied." Judgment was rendered for the defendant board disallowing the claims of the claimant and overruling claimant's motions for judgment on the findings and for a new trial, and claimant appeals.

The court went into great detail in its findings as to the excess of items contained in the budgets of the city and school district for both years and found certain items were excessive and other items were omitted entirely. It also found that claimant had appeared at the hearing on the proposed budget of the city and also of the school district and protested against the same and the levy therefor in the year 1933, but did not appear at the hearings as to the budgets for the taxes of the year 1934, nor protest against the same, but did protest to the state tax commission against the levies made for the taxes of that year, which protest was denied by the state tax commission. The findings included full copies of the two protests made when the taxes were paid. The one made on June 20, 1934, when the taxes of 1933 were paid, was a protest against the levy of the city tax because it was excessive and illegal to the extent of 14.702 mills in violation of chapters 316, 309 and 319 of the Laws of 1933, and against the school levy because it was excessive and illegal to the extent of general levy .25 mills and bond and interest levy of .527 mills in violation of chapters 316, 309 and 319 of the Laws of 1933, giving the figures in detail showing the excessive and omitted features of the budget from which figures the excessive levy might be calculated.

The protest as to the payment of excessive and illegal levy of the taxes of 1934 was much shorter than that made for the taxes of 1933. It cited the same laws as being violated, and stated that the city levy for the taxes of 1934 was "excessive and illegal to the extent of 9.219 mills, in violation of chapters 309, 316 and 319 of the Laws of 1933," without setting out any of the excessive or illegal items or figures from which such a conclusion could be reached.

The trial court, in its findings, stated items which it found to be excessive or omitted in the budgets of both years, but made no conclusion of law thereon. The first year was disposed of by the

sustaining of the demurrer to claimant's testimony because, as is argued in the briefs, the protest was insufficient in reference to the laws that had been violated in the making of the budgets for the taxes of 1933 as they referred to the Session Laws of 1933 instead of those of 1931. The conclusion of law as to the taxes of 1934 was also on account of the insufficiency of the protest made when those taxes were paid.

In this second year's protest there is no contention that the reference to the laws being violated is wrong or insufficient, but that the protest filed failed to comply with the requirements of G. S. 1935, 79-2005, which was in force at that time, and required that a written statement be filed with the county treasurer at the time of paying the taxes "clearly stating the grounds on which the whole or any part of said taxes are protested, and shall further cite any law, statute, or facts on which such taxpayer relies in protesting the whole or any part of such taxes, and shall further state the exact portion of said tax which is being protested."

In the case of *Kansas Gas & Elec. Co. v. Dalton,* 142 Kan. 59, 46 P. 2d 27, which was one to recover alleged excessive and illegal taxes paid under protest, it was held that—

"The written protest required by R. S. 1933 Supp. 79-2005 to be filed with the county treasurer by a taxpayer who protests the payment of his taxes should state clearly the grounds of protest and cite any law, statute, or facts on which the taxpayer relies. The statute contemplates that this statement shall contain all of the grounds upon which the taxpayer protests the payment of the taxes. The fact that it is sufficient as a protest on one ground does not authorize the taxpayer to seek upon other grounds the recovery of the taxes paid." (Syl. ¶ 2.)

Under these requirements as to the contents of the protest we agree with the trial court that neither of these protests was sufficient.

In the case of *Chicago, R. I. & P. Rly. Co. v. Paul,* 139 Kan. 795, 33 P. 2d 304, it was held:

"The action of a board of county commissioners in making higher levies of taxes for the general fund and for the road and bridge funds of the county than the published budgetary estimates would appear to justify was not a sufficient basis for the recovery of any portion of such taxes paid by plaintiff under protest.

"The remedy of a taxpayer aggrieved by the excessiveness of a proposed tax levy above the budgetary requirements was primarily by protest and objection at the time and place designated for that purpose in the publication notices prescribed in chapter 310 of the Laws of 1931, and not by payment of taxes under protest and by subsequent action to recover the alleged excess." (Syl. ¶¶ 1, 2.)

In the body of the opinion it was said:

"While the act of 1931 required more formality than theretofore in the matter of estimating fiscal requirements, and gave the taxpaying public an opportunity to protest and object to the budgetary estimates of taxing officials, it made no such·fundamental difference in the pertinent law as to warrant such an action as the one instituted by plaintiff. The remedy for excessive levies was by protest and objection at the time and place prescribed in the published notice, and to be made before the excessive levies were actually made and certified to the county clerk. Unless the levies were grossly excessive, and on that point we express no opinion, plaintiff's statutory redress of timely protest and objection to the taxing officials, however inadequate, was its exclusive one." (p. 797.)

In chapter 319 of the Laws of 1933, section 19a, a provision was added, which was not contained in the enactments of 1931, with reference to the rights of the taxpayer to protest. That section, compiled as G. S. 1935, 10-1120, is as follows:

"The levying of a tax by any municipality which raises more money than is used or needed for the tax year shall not be the basis of a protest by any taxpayer and all such protests shall be of no force or effect."

In the case of *Kaw Valley Drainage Dist. v. Zimmer*, 141 Kan. 620, 42 P. 2d 936, this section was under consideration with reference to the power of the tax commission, which power was vested by other statutes, and it was held that it—

". . . . is a distinctive feature of the cash-basis law; and it does not supersede nor limit the powers vested by other statutes in the state tax commission for its proper administration of the state's system of taxation." (Syl.)

In the opinion it was said:

"The statute does not say—and no reasonable application of the rules of statutory construction would justify its interpretation to mean—that the general provisions of the taxation statute are to be superseded and that an excessive levy of taxes is hereafter to be remediless to an aggrieved taxpayer. The apparent purpose of this statute of 1933 was that in its endeavors to get its fiscal affairs on a cash basis the taxing district was not to be harassed with litigation because its official board and one or more of its taxpayers might disagree as to the amount of money the budgetary needs of the district would require; and that neither the judgment of the district court nor of this court should be invoked to interfere with the discretion of the taxing officials as to the amount of money required to conform to the purpose of the cash-basis act." (p. 624.)

This holding and expression of opinion was a matter where the tax commission held that the levy was excessive and the ruling of the court was in sustaining the order of the tax commission.

In the second count of the case at bar the tax commission held that the levy was not excessive and denied the relief sought by the claimant in this case. However, there was no appeal taken from the ruling of the tax commission, and this action is based entirely upon the protest filed with the county treasurer at the time of paying the taxes.

The claimant cites many items contained in the budget or shown by the evidence to have been improperly omitted from the budget, which would tend to make the levy excessive and illegal, and cites several paragraphs of the budget and tax-levy laws concerning the same. Applying this argument to the second count of the bill of particulars, which is all that could properly be done inasmuch as the first count was disposed of by demurrer to the evidence, we have the facts and-figures which would tend to make the levy for the taxes for the year 1934 excessive and illegal, but none of those facts, except the naked conclusion of excessive levy in a certain amount, were stated in the protest. Even if they were excessive, they were not shown to have been in excess of the statutory limitation and were therefore not void, and there is contained nowhere in the bill of particulars an allegation of the levy being fraudulent or made for a fraudulent purpose. It was held under similar circumstances in the case of *State, ex rel., v. Peal,* 136 Kan. 136, 13 P. 2d 302, that—

"A tax levy, within the limits of the statute, is not void because a larger amount is levied than actually required, unless the amount is so grossly excessive as to show a fraudulent purpose in making the levy." (Syl. ¶ 2.)

Claimant cites the case of *Baker v. Consolidated Rural H. S. Dist.,* 143 Kan. 695, 56 P. 2d 109, in support of his contention that the court should permit the recovery of taxes paid under the circumstances above set out, whether any protest was made or not. That case was brought by taxpayers against a consolidated school district and the two districts which had gone together to make the consolidated district, for relief against misappropriation of taxes paid under a void levy. Some of the teachers of the consolidated district had already procured judgments for their salaries against the consolidated district, although they had been employed by one of the two districts that had gone together and not by the consolidated district. One of the two districts levied a tax to pay such salaries and the first half of such taxes had been paid. It was alleged in the petition that there was actual collusion and connivance

on the part of the members of the consolidated district to defraud the taxpayers, and it was held under such circumstances and proof that—

"The proceedings considered in an action by taxpayers to prevent misappropriation of a fund in the hands of the county treasurer, consisting of taxes paid under a void levy, made under circumstances constituting fraud at law, and *held,* the taxpayers were entitled to the relief prayed for, although the taxes had been paid without protest." (Syl.)

Claimant cites the Zimmer case, *supra,* and the case of *City of Iola v. Hobart,* 141 Kan. 709, 42 P. 2d 977, in support of his view of the law that the claimant should recover where the cash-basis law has not been strictly followed by the officers of a taxing district. The first case was one for an injunction to prevent the county treasurer from paying back to certain taxpayers the excessive taxes paid by them under protest in compliance with the requirements of the statute, and after the making of an order to that effect by the state tax commission this court affirmed the ruling of the district court in refusing to grant such an injunction. The second case above cited was an original mandamus action in this court, brought by a city against its mayor, to compel him to sign a contract for the construction of a swimming pool, and this court refused to issue the writ because no attention had been given to the requirements of the cash-basis law then in effect, but the city had proceeded independently thereof to pass an ordinance and had procured an affirmative vote thereon.

We are not convinced that either of these cases requires a modification or change of the conclusion above expressed, to the effect that the case at bar is one requiring the filing of protests that were sufficient under the statutes, the attempted compliance not being sufficient.

The judgment is affirmed.