**Cecil C. GETTINGS, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13268.**

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1962.

Cecil C. Gettings, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BUSSEY, Judge.

On July 20, 1962, the petitioner, Cecil C. Gettings, filed herein an instrument with this Court, labeled "Petition for Writ of Error in Forma Pauperis".

The records of this Court establish that petitioner has never lodged an appeal from the judgment and sentence rendered by the trial court, and therefore, this instrument will be treated as an appeal from said judgment and sentence.

From the face of the Petition for Writ of Error, petitioner was sentenced on the 26th day of May, 1943 to serve a term in the Oklahoma State Penitentiary, wherein he now is incarcerated. No further facts as to the crime charged, identity of the trial court jurisdiction, or the judgment and sentence rendered, are available to this Court. The Petition for Writ of Error, asserting only unsupported allegations, contains insufficient information for review by the Court.

Where a person is convicted for a felony and appeal is attempted to be prosecuted to this court by petition in error, to which is attached neither casemade nor transcript of the proceedings of the record in the trial court, the attempted appeal will be dismissed. Cooper v. State, Okl.Cr., 284 P.2d 750.

Under Title 22 O.S.A. § 1054 of the Oklahoma Statutes, in force at the time of his conviction, the petitioner was granted six months in which to perfect an appeal. The provisions of 22 O.S.A. are mandatory and must be strictly followed.

Where the appeal in a felony case is not timely perfected until more than six months after rendition of judgment, the Court of Criminal Appeals acquires no jurisdiction. Freeman v. Raines, Okl.Cr., 353 P.2d 30.

This court cannot entertain an appeal which has been filed 19 years after the alleged date of conviction.

For the reasons above set forth, this cause should be, and the same is hereby, DISMISSED.

NIX, P. J., and BRETT, J., concur.