Jack R. WOODS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13359.

Court of Criminal Appeals of Oklahoma.

March 27, 1963.

Jack R. Woods, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for State of Oklahoma.

BUSSEY, Presiding Judge.

On February 25, 1963, Jack R. Woods, an inmate of Oklahoma State Penitentiary and petitioner herein, filed an instrument with this Court which for the purpose of this opinion will be designated as a Petition of Error. Since the records of the Court establish that petitioner has never lodged an appeal from the judgment and sentence rendered against him by the trial court, the instrument above referred to will be treated as an attempted appeal from said judgment and sentence.

It appears that petitioner was sentenced by the District Court of Pawnee County on or about the 5th day of November, 1962 to serve a term of Five (5) Years in the Oklahoma State Penitentiary at McAlester for the Crime of Grand Larceny; That petitioner was committed to the State Penitentiary on November 26, 1962; and That from said judgment and sentence, he attempts to appeal.

No case made or transcript of the proceedings of the trial court is attached to the petition, and the petition contains only unsupported allegations, insufficient for review by this Court.

The Court of Criminal Appeals has repeatedly held that an appeal in a criminal case is perfected by the filing of a petition in error, together with a case made or duly authenticated transcript of the judgment and sentence and proceedings attached thereto. Smith v. State, 20 Okl.Cr. 123, 201 P. 661, Boneparte v. U. S., 3 Okl.Cr. 345, 106 P. 347.

In Gettings v. State, Okl.Cr., 374 P.2d 789, we ruled that:

"Where a person is convicted for a felony and appeal is attempted to be prosecuted to this court by petition in error, to which is attached neither case made or transcript of the proceedings of the record in the trial court, the attempted appeal will be dismissed." See, also Cooper v. State, Okl.Cr., 28 P.2d 750.

Under Title 22 O.S.A. § 1054 of the Oklahoma Statutes, as amended in 1961, the petitioner was granted three months in which to perfect an appeal to this Court. The provisions of this statute are mandatory and must be strictly followed and, where an appeal in a felony case is not timely perfected as prescribed by statute this Court acquired no jurisdiction. Freeman v. Raines, Okl.Cr., 353 P.2d 30.

For the reasons above set forth, we are of the opinion that this cause should be, and the same is hereby, Dismissed.

NIX and JOHNSON, JJ., concur.