Delton M. Gilliland
Osage County Counselor
112 E. Seventh Street
PO Box 250
Lyndon, Kansas 66451
Dear Mr. Gilliland:
As Osage County Counselor you request our opinion on a situation where an error resulted in several tracts of real property not being assessed in accordance with their actual situs. Even though the properties are physically located within city limits, these properties were listed improperly and thereafter assessed as if they were located outside the city boundaries. As a result, there was an underpayment of property taxes to the city and an overpayment of taxes to the township, for the years 2004, 2005 and 2006.
You therefore ask for our opinion whether a county board of commissioners has the authority to order additional tax assessments thereby creating new tax liabilities, whether the county commission is required to order such a change in assessment and tax liabilities for these years (in order to recoup taxes that would have otherwise been owed to the correct political subdivision) and whether the county's miscalculation of tax resulting from such an error is a mathematical miscomputation as contemplated and set forth in K.S.A. 2006 Supp.79-1701a.
K.S.A. 2006 Supp. 79-1701 authorizes counties to correct certain mistakes in assessments and information in the tax rolls, if discovered and corrected prior to November 1:
 "The county clerk shall, prior to November 1, correct the following clerical errors in the assessment and tax rolls for the current year, which are discovered prior to such date:
 "(a) Errors in the description or quantity of real estate listed;
 "(b) errors which have caused improvements to be assessed upon real estate when no such improvements were in existence;
 "(c) errors whereby improvements located upon one tract or lot of real estate have been assessed as being upon another tract or lot;
 "(d) errors whereby taxes have been charged upon property which the state board of tax appeals has specifically declared to be exempt from taxation under the constitution or laws of the state;
 "(e) errors whereby the taxpayer has been assessed twice in the same year for the same property in one or more taxing districts in the county;
 "(f) errors whereby the assessment of either real or personal property has been assigned to a taxing district in which the property did not have its taxable situs; and
 "(g) errors whereby the values or taxes are understated or overstated as a result of a mathematical miscomputation on the part of the county."[1]
K.S.A. 2006 Supp. 79-1701a then speaks to the remedies that may result from an error in the tax assessment or billing process:
 "Any taxpayer, the county appraiser or the county clerk shall, on their own motion, request the board of county commissioners to order the correction of the clerical errors in the appraisal, assessment or tax rolls as described in K.S.A. 79-1701, and amendments thereto. The board of county commissioners of the several counties are hereby authorized to order the correction of clerical errors, specified in K.S.A. 79-1701, and amendments thereto, in the appraisal, assessment or tax rolls for the current year and the immediately preceding two years during the period on and after November 1 of each year. If a county treasurer has collected and distributed the property taxes of a taxpayer and it shall thereafter be determined that the tax computed and paid was based on an erroneous assessment due to a clerical error which resulted in an overpayment of taxes by the taxpayer, and such error is corrected under the provisions hereof then the county commissioners may direct a refund in the amount of the overpayment plus interest at the rate prescribed by K.S.A. 79-2968, and amendments thereto, from the date of payment from tax moneys collected during the current year and approve a claim therefor. If all or any portion of the taxes on such property remain unpaid, the board of county commissioners shall cancel that portion of such unpaid taxes which were assessed on the basis of the error which is being corrected. In lieu of taking such a refund the taxpayer may, at the taxpayer's option, be allowed a credit on the current year's taxes in the amount of the overpayment plus interest at the rate prescribed by K.S.A. 79-2968, and amendments thereto, from the date of payment for the previous year. In the event the error results in an understatement of value or taxes as a result of a mathematical miscomputation on the part of the county, the board of county commissioners of the several counties are hereby authorized to correct such error and order an additional assessment or tax bill, or both, to be issued, except that, in no such case shall the taxpayer be assessed interest or penalties on any tax which may be assessed. If such error applies to property which has been sold or otherwise transferred subsequent to the time the error was made, no such additional assessment or tax bill shall be issued."[2]
The issue you ask us to resolve is whether the above emphasized language in K.S.A. 2006 Supp. 79-1701a (allowing an increase in taxation as a result of a past error) is limited to a "mathematical miscomputation," and what that phrase means, or whether such an increase may be assessed for any of the clerical errors listed in K.S.A. 2006 Supp. 79-1701.
The county's request for an opinion included a citation to the caseIn Re Application of U.S.D. No. 437 for Tax Relief.[3] In that case U.S.D. 437, which had been properly owed uncollected tax revenue, sought to collect the tax monies for each year that was lost due to the erroneous assignment of the property to U.S.D. 501. In addressing the various arguments raised by U.S.D. 501, the court considered whether the error constituted a "clerical error" within the meaning of K.S.A.79-1701. Rejecting U.S.D. 501's argument that the county's mistake was not a clerical error because it involved judgment and discretion, the court noted:
 "Appellees [U.S.D. 437] argue the statute [K.S.A. 79-1701] allows for corrections in just this situation. It argues a narrower reading would cause chaos, as an investigation would have to be made to discover how each error was made in the hundreds of cases of this type each year. Even if the investigation proved fruitful, a narrow reading would render many errors uncorrectable, resulting in taxpayers being unjustly taxed."[4]
The U.S.D. 437 court thus allowed the injured school district to collect the tax money it should have received. However, this case was decided in 1988, or before the 1999 change of language adding the "mathematical miscomputation" phrase to K.S.A. 2006 Supp. 79-1701a.[5] Because of the change in K.S.A. 2006 Supp. 79-1701a, we must determine if a new rule now exists concerning this type of situation. In order to do that, we must resort to statutory construction rules.
It is the intent of the legislature, where it can be ascertained, which governs construction of statutes, and the legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted.[6] The primary rule of statutory construction is to give effect to the statute's clear meaning, however, if a statute is ambiguous a court is to determine legislative intent and give effect to that intent.[7] The intent of the legislature is to be derived in the first place from words used in the statute.[8] When a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute.[9]
K.S.A. 2006 Supp. 79-1701 lists the types of errors in the taxing process that may be corrected by the county. These errors include subsections (f) which directly speaks to listing property in the wrong taxing district(s), and (g), making mathematical miscomputations.[10]
K.S.A. 2006 Supp. 79-1701a creates the remedies for the errors listed in K.S.A. 2006 Supp. 79-1701. However, this does not mean that the same remedies are available for every error listed in K.S.A. 2006 Supp.79-1701.
Specifically, there are two separate situations addressed in K.S.A. 2006 Supp. 79-1701a: the over-payment of taxes and the understatement of taxes. For the latter situation, the above emphasized portion of the statute addresses the county's authority to order an additional assessment or tax bill only when the error results from an understatement of value or taxes because of a "mathematical miscomputation."[11]
The 1999 legislative history surrounding the "mathematical miscomputation" amendments to K.S.A. 2006 Supp. 79-1701 and 79-1701a
indicates that this particular phrase was added by Senator Bond during a committee meeting[12] and that one person providing comments believed it was to "allow county clerks to correct for mathematical errors found in the previous tax year."[13] However, there is no helpful legislative history clarifying whether the 1999 addition for an error due to a "mathematical miscomputation" was specifically intended to limit, expand or even impact the circumstances under which lost tax revenues could be recaptured.
The plain reading of K.S.A. 2006 Supp. 79-1701a indicates that the errors listed in K.S.A. 2006 Supp. 79-1701 may be corrected by ordering refunds or credits of tax, however, remedying an error that resulted in an underpayment of tax is available under K.S.A. 2006 Supp. 79-1701a
only when there was a "mathematical miscomputation."
This brings us to the issue of whether assigning property to the wrong taxing district qualifies as a "mathematical miscomputation."
Legal counsel for the Kansas Department of Revenue (KDOR) calls to our attention the federal case, Repetti v. Jamison[14] wherein the phrase "mathematical error" was interpreted to mean errors of arithmetic only.[15] Our research has also revealed a 1999 memorandum from the then director of the Kansas Department of Revenue's Division of Property Valuation to all county appraisers and county clerks.[16] It recognizes that this term might become an issue and cites theWebster's Dictionary. There, "mathematical" is defined as "mathematical means. 1. Of or relating to mathematics. 2. Precise; exact. 3. Absolute: certain" and "computation" is defined as: 1. The act or process of computing. 2. A method of computing. 2. [sic] The result of computing. 3. The act of operating a computer."
We have located no other case law nor more helpful discussion or guidance with regard to the possible meaning of the phrase "mathematical miscomputation" now contained in K.S.A. 2006 Supp. 79-1701 and 79-1701a. Therefore, relying upon statutory construction rules,[17] it is our opinion that the phrase "mathematical miscomputation" means errors in arithmetic, and not all the types of errors otherwise enumerated in K.S.A. 2006 Supp. 79-1701. Assigning property to the wrong taxing district does not involve mathematical skills or computation of any kind. Rather, it is caused by incorrect information or some other type of clerical error. Thus, such a mistake does not qualify as a "mathematical miscomputation."
Finally, we come to your questions concerning whether a county commission is required to order changes in assessments or tax liabilities. K.S.A. 19-101, K.S.A. 2006 Supp. 19-101a[18] and K.S.A.19-212 empower county commissions to conduct county business. Moreover, K.S.A. 2006 Supp. 79-1701 et seq. authorize and delineate the taxing procedures to be followed by county commissioners and other county officials. K.S.A. 2006 Supp. 79-1701 states that the county clerkshall correct errors discovered prior to November 1. K.S.A. 2006 Supp.79-1701a provides that county commissions "are herebyauthorized to order the correction of clerical errors." Generally, ?`where strict compliance with the [statutory] provision is essential to preservation of the rights of parties affected and to the validity of the proceeding, the provision is mandatory, but where the provision fixes a mode of proceeding and a time within which an official act is to be done and is intended to secure order, system and dispatch of public business, the provision is directory.'"[19] However, ordinarily, "statutory provisions directing the mode of proceeding by public officers and intended to secure order, system and dispatch in proceedings, and by disregard of which the rights of parties cannot be injuriously affected, are not regarded as mandatory, unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated."[20]
While K.S.A. 2006 Supp. 79-1701 and 79-1701a authorize correction of clerical errors and a resulting refund, credit, or tax assessment, discretionary judgment must be used to determine whether any such error has occurred and what type of remedy is available or appropriate in each set of circumstances. K.S.A. 79-1703 prohibits a county commission from engaging in an unlawful release, discharge, remission or commutation of taxes due and owing. This prohibition, in combination with the authority set forth in K.S.A. 2006 Supp. 79-1701a and the personal rights of taxpayers, establish the boundaries and scope of taxing authority vested in a county commission. Whether more taxes are owed or a refund or credit is due are fact specific issues, and can only be resolved and addressed on a case-by-case basis.
Therefore, based upon the authority cited herein, it is our opinion that, pursuant to K.S.A. 2006 Supp. 79-1701a, a board of county commissioners is authorized to remedy clerical errors of the type listed in K.S.A. 2006 Supp. 79-1701. However, K.S.A. 2006 Supp. 79-1701a does not provide the same remedy for all types of errors otherwise enumerated in K.S.A. 2006 Supp. 79-1701. A "mathematical miscomputation" allows an order for additional assessments or tax bills. That phrase, as used in the section of K.S.A. 2006 Supp. 79-1701a, means errors in arithmetic. Assigning property to the wrong taxing district is not a mathematical miscomputation. Thus, a county board of commissioners does not have the authority to order additional tax assessments or tax bills for that type of error.Whether more tax is owed or some refund or credit is due are fact specific issues that can only be resolved and addressed on a case-by-case basis.
Sincerely,
Paul J. Morrison
Attorney General of Kansas
Theresa Marcel Bush
Assistant Attorney General
PM:MF:TMB:jm
[1] Emphasis added.
[2] Emphasis added. We also note that K.S.A. 2006 Supp. 79-1702
applies to and allows correction of errors in the taxation process, but is not relevant to your question because it applies to situations not addressed by K.S.A. 2006 Supp. 79-1701. Subsection (g) of the latter statute clearly applies to the factual situation at hand.
[3] 243 Kan. 555 (1988). This case was also cited by legal counsel for the Kansas Department of Revenue and the Kansas Association of Counties.
[4] See also St. Catherine Hospital v. Roop, 34 Kan.App.2d 638,642-643 (2005).
[5] This phrase was also added to K.S.A. 2006 Supp. 79-1702.
[6] Brown v. U.S.D. No. 333, 261 Kan. 134, 141-142 (1996).
[7] Link, Inc. v. City of Hays, 266 Kan. 648, 655 (1999).
[8] Davis v. City of Leawood, 257 Kan. 512, 517 (1995).
[9] In re Marriage of Hoffman, 28 Kan. App.2d 156, 159 (2000). Seealso Dillon Real Estate Co. v. City of Topeka, ____ Kan. ____ (No. 95,612, op. filed (July 27, 2007). ("[T]he fundamental rule to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. An appellate court must give effect to that intent, which the legislature is initially presumed to have expressed through the language it used. When language is plain and unambiguous, there is no need to resort to statutory construction. An appellate court merely interprets the language as it appears; it is not free to speculate and cannot read into the statute language not readily found there.")
[10] We note that these are listed as separate types of errors.
[11] L. 1985, Ch. 317, §§ 1, 2. (Taxes that are understated because of a "mistake" by county can be remedied by additional asessment.)
[12] Minutes, Senate Assessment and Taxation Committee, January 13, 1999.
[13] Id. Written comments presented by the Director of Budget dated January 4, 1999. Legislative history concerning 1999 SB 11 does not clearly address whether the addition of this phrase was intended to narrow, change, or leave alone the circumstances under which a taxing unit could recapture escaped tax moneys. Rather, the main thrust of the 1999 changes was to address procedures and appeals.
[14] 131 F. Supp. 626, 628 (D.C. Cal. 1955), aff'd 239 F.2d 901 (9th Cir. 1956). This case involved a taxpayer's action to restrain assessment of income taxes. The Federal District Court held that where a taxpayer had allegedly and erroneously claimed as credit, in payment of one year's taxes, an overpayment made on a prior return, the alleged error by the taxpayer was not a mistake in arithmetic or inadvertent error and stated that "the term `mathematical error' refers to errors in arithmetic."
[15] Thus, KDOR legal counsel concludes that "[s]hould a Kansas court construe the same term in the same manner, it would likely hold that a board of county commissioners may not order an additional assessment or tax bill where such error [as the one in question] results in an underpayment of taxes."
[16] See attached or
http://165.201.62.139/Pilots/Ntrntpil/IPILv1x0.NSF/ae2ee39f7748055f8625655b004e9335/c42fb3f4fcbbf9a886256840006db091?OpenDocument.

[17] See K.S.A. 2006 Supp. 77-201 Second "Words and phrases shall be construed according to the context and the approved usage of the language, but technical words and phrases, and other words and phrases that have acquired a peculiar and appropriate meaning in law, shall be construed according to their peculiar and appropriate meanings."
[18] As amended by L. 2007 Ch. 158, § 1.
[19] Spalding v. Price, 210 Kan. 337, 339 (1972).
[20] Shriver v. Board of County Comm'rs of Sedgwick County,189 Kan. 548, 556 (1962).See also School Dist. No. 40, Ford County v. Board ofComm'rs of Clark County, 155 Kan. 636 (1942) (where legislature prescribes time when official act is to be performed, broad legislative purpose is to be considered in deciding whether the time prescribed is "mandatory" or "directory" and if mandatory there must be strict conformity, and if directory, the legislative intent is to be complied with as nearly as practicable.)